## In re HEMSTREET.

### (District Court, N. D. Iowa, O. D.   August 25, 1902.)

**1. BANKRUPTCY—WITNESSES—ATTENDANCE—DISTANCE.**

Bankr. Act, § 41, enacts that no person shall be required to attend as a witness before a referee in bankruptcy at a place outside of the state of his residence, and more than 100 miles from such place of residence. The rule in force when the bankrupt law was adopted, with respect to the power to compel the personal attendance of witness, was embodied in Rev. St. § 876, which declares that subpœnas for witnesses who are required to attend a court of the United States in any district may run into any other district; provided that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than 100 miles from the place of holding the same. *Held,* that one cannot be compelled to attend a reference in bankruptcy within the state of his residence, but at a distance of more than 100 miles from where he resides.

In the Matter of Charles R. Hemstreet, a Bankrupt.   Answer to question as to construction of bankruptcy act, submitted on certificate of referee.

Morling & Davidson, for creditors.

SHIRAS, District Judge.   From the certificate of the referee, it appears that one H. O. Michaels, a resident of Marshalltown, Iowa, was served with a subpœna directing him to appear as a witness in the bankruptcy proceedings of Charles R. Hemstreet, before the referee for Palo Alto county, at a hearing set for August 18th, at Emmetsburg, Iowa; the mileage and fee for one day's attendance being duly tendered him.   The witness declined to attend at the time and place named, claiming that as his residence was more than 100 miles from Emmetsburg, where the hearing was to be had before the referee, he was not required to attend in person; and the question presented by the certificate of the referee is whether, under the provisions of the bankrupt act, a witness can be compelled by a subpœna to attend a hearing before a referee at a place more than 100 miles from his residence.   Counsel for the creditors contend that by the express terms of the proviso to section 41 of the bankrupt act which enacts "that no person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and more than one hundred miles from such place of residence," it was the clear intent of congress to enact that referees should have the right to require the attendance before them as witnesses of all persons residing within the state wherein the referee is' acting, and that a witness cannot lawfully refuse obedience to a subpœna calling him to appear before a referee, unless he is a nonresident of the state, and resides more than 100 miles from the place of hearing.   If this is the correct construction of the proviso just cited it follows that a person can be compelled

to attend as a witness before a referee at any point within the state of his residence, without regard to the distance to be traveled, which might in the larger states be several hundred miles; and furthermore it would also follow that a witness could be compelled to appear before a referee when he could not be compelled to appear before the circuit or district courts of the United States, if a session thereof was held at the place of the hearing before the referee. In the construction of statutes, it is well settled that all other provisions of the statutes which deal with the same subject-matter may be considered, as well as the purpose intended to be subserved by the particular enactment under consideration. The general rule in force when the bankrupt act was adopted, with respect to the power to compel the personal attendance of witnesses, is found in section 876 of the Revised Statutes, which declares that "subpœnas for witnesses who are required to attend a court of the United States, in any district, may run into any other district; provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same." This proviso was enacted for the protection of witnesses, and under its provisions a person living outside of the district wherein the court is held, at a distance of more than 100 miles from the place of holding court, cannot be required to attend as a witness before any circuit or district court; and this general rule, governing these courts, has not been changed by any provision of the present bankrupt act. The proviso found in section 41 of the act has reference only to hearings before referees, and does not change or enlarge the power of the district or circuit courts to compel the attendance of witnesses, as defined in section 876 of the Revised Statutes. The phraseology used in the proviso clearly indicates that it was intended as a limitation upon, and not as an enlargement of, pre-existing rights. Under the provisions of section 21, the court, upon due application, can require the attendance of witnesses before the referee, and, under general order No. 3, the clerk will furnish the referee with the necessary subpœnas; but the subpœnas thus issued would be subject to the limitations found in section 876, Rev. St. If the proviso found in section 41 of the bankrupt act had not been enacted, then subpœnas issued under section 21 would have been effectual to compel the attendance of witnesses living within the district, and also of witnesses living outside the district, but within a distance of 100 miles. The proviso enacted as part of section 41 is intended, not as an enlargement of the jurisdiction of the referee over witnesses, but as a limitation, for the benefit and protection of the witnesses. The proviso does not declare that the referee or the court shall have the right to compel the attendance before the referee of all witnesses living within the state, or within 100 miles of the place of hearing, but the declaration is that no person shall be required to attend as a witness before the referee at a place outside of the state of his residence, and more than 100 miles from the place of hearing. The meaning of the proviso is that no one shall be compelled to attend as a witness at a distance of more than 100 miles, and he shall not be compelled to leave the state wherein he resides. If the witness

lives at a greater distance from the place of hearing before the referee than 100 miles, or in another state, ample provision is made in the provisions of section 21 for taking his testimony orally or by deposition, and thus protection is afforded to all without imposing a burden upon witnesses, from which they are protected under the general rule governing the issuance of subpœnas in courts of the United States. As it is admitted that the witness H. O. Michaels does not live within 100 miles of Emmetsburg, where the hearing before the referee is to be had, it follows that he cannot be compelled to attend the hearing in person, and his testimony must be procured under the provisions of section 21 of the act.