---

In re COLE.

(District Court, D. Maine.   November 26, 1904.)

No. 74.

1. BANKRUPTCY—REFEREES—COMPELLING ATTENDANCE OF WITNESSES OUT OF STATE.

Under the proviso to Bankr. Act July 1, 1898, c. 541, § 41a, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437], that "no person shall be required to attend as a witness before a referee at a place outside of the state of his residence and more than one hundred miles from such place of residence," a person cannot be compelled to leave the state wherein he resides to be a witness before a referee in bankruptcy, the proviso being a restriction upon, and not an enlargement of, the power given the federal courts to require the attendance of witnesses, by Rev. St. § 876 [U. S. Comp. St. 1901, p. 667].

In Bankruptcy.   On certificate of referee.

Haley & Haley, for bankrupt.

Cleaves, Waterhouse & Emery, for petitioning creditors.

HALE, District Judge. From the certificate of the referee it appears that one William H. Cole, of Wakefield, in the commonwealth of Massachusetts, the husband of the bankrupt, was served with a subpœna directing him to appear on the 16th day of November, 1904, at Biddeford, Me., before said referee in these proceedings. The witness failed to appear. His counsel stated that he had advised him not to obey the summons. It is admitted that the witness Cole was residing at a place less than 100 miles from the place where the hearing was being had and in another judicial district. It is also admitted that he received his travel and legal fees for attendance. The referee held the witness to be in contempt, and certified the facts to this court.

Section 41 of the bankrupt act provides:

"A person shall not, in proceedings before a referee, * * * (4) refuse to appear after having been subpœnaed, or, upon appearing, refuse to take the oath as a witness, or, after having taken the oath, refuse to be examined according to law: provided, that no person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and

more than one hundred miles from such place of residence, and only in case his lawful mileage and fee for one day's attendance shall be first paid or tendered to him." Act July 1, 1898, c. 541, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437].

The general law in force when the bankrupt act went into effect, with respect to the power of compelling the attendance of witnesses, is in section 876 of the Revised Statutes [U. S. Comp. St. 1901, p. 667], which provides that "subpœnas for witnesses who are required to attend a court of the United States in any district may run into any other district: provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same." This provision of the general statutes has been held to have been enacted for the protection of witnesses, and not to have been changed by the bankrupt law, so far as it applies to matters before the Circuit or District Court.

With reference to the provision which we have quoted from section 41 of the bankrupt act, in In re Hemstreet (D. C.) 117 Fed. 568, Judge Shiras, of the District Court of Iowa, has said:

"It was the clear intent of Congress to enact that referees should have the right to require the attendance before them as witnesses of all persons residing within the state wherein the referee is acting, and that a witness cannot lawfully refuse obedience to a subpœna calling him to appear before a referee unless he is a nonresident of the state, and resides more than one hundred miles from the place of hearing. * * * The proviso found in section 41 of the act has reference only to hearings before referees, and does not change or enlarge the power of the District or Circuit Courts to compel the attendance of witnesses, as defined in section 876 of the Revised Statutes [U. S. Comp. St. 1901, p. 667]. The phraseology used in the proviso clearly indicates that it was intended as a limitation upon, and not as an enlargement of, pre-existing rights. Under the provisions of section 21 (30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), the court, upon due application, can require the attendance of witnesses before the referee, and under General Order No. 3 (89 Fed. iv) the clerk will furnish the referee with the necessary subpœnas; but the subpœnas thus issued would be subject to the limitations found in section 876, Rev. St. [U. S. Comp. St. 1901, p. 667]. If the proviso found in section 41 of the bankrupt act had not been enacted, then subpœnas issued under section 21 would have been effectual to compel the attendance of witnesses living within the district, and also of witnesses living outside of the district, but within a distance of 100 miles. The proviso enacted as part of section 41 is intended, not as an enlargement of the jurisdiction of the referee over witnesses, but as a limitation for the benefit and protection of the witnesses. The proviso does not declare that the referee or the court shall have the right to compel the attendance before the referee of all witnesses living within the state or within a hundred miles of the place of hearing, but the declaration is that no person shall be required to attend as a witness before the referee at a place outside of the state of his residence and more than a hundred miles from the place of hearing. The meaning of the proviso is that no one shall be compelled to attend as a witness at a distance of more than one hundred miles, and he shall not be compelled to leave the state wherein he resides. If the witness lives at a greater distance from the place of hearing before the referee than a hundred miles, or in another state, ample provision is made in the provisions of section 21 for taking his testimony orally or by deposition, and thus protection is afforded to all without imposing a burden upon witnesses."

The court is of the opinion that the case from which we have quoted fully and correctly decides the question; it gives the proper construction to section 41 of the bankrupt act, when considered in

relation to the general provisions of law found in Rev. St. § 876 [U. S. Comp. St. 1901, p. 667]. This construction is in accordance with the decision with reference to the jurisdiction of this court made by Judge Fox of this district under a former bankrupt act, in Paine v. Caldwell, Fed. Cas. No. 10,674. It appears that the witness William H. Cole lived in the commonwealth and district of Massachusetts. Under the proper construction of section 41 of the bankrupt law, he cannot be compelled to leave the state wherein he resides in order that he may be a witness in a hearing before a referee in bankruptcy.

The decision of the referee in adjudging the witness guilty of contempt is overruled.