## In re ROBINSON.

(District Court, D. Minnesota, Fourth Division. May 11, 1910.)

1. BANKRUPTCY (§ 413*)—EXAMINATION OF NONRESIDENT.

Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), provides that a court of bankruptcy may on application require any designated person, who is a competent witness under the laws of the state in which the proceedings are pending, to appear in court or before a referee or judge of any state court to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the act. *Held* that, where it was sought to examine a resident of another state in support of creditors' specifications of objection to a bankrupt's discharge, application for an order requiring the witness to appear before a referee in bankruptcy and submit to examination should be made to the federal District Court of the district wherein the witness resided.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 244*)—WITNESSES—EXAMINATION—DEPOSITIONS.

Where evidence of a nonresident is desired in support of creditors' specifications of objections in resistence to a bankrupt's discharge, his deposition may be taken according to the laws of the United States under Bankr. Act, July 1, 1898, c. 541, § 21b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), providing that the right to take depositions in proceedings under the act shall be determined and enjoyed according to the United States laws, then in force or thereafter enacted, relating to the taking of depositions, except as thereafter provided.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 244.*]

In the matter of Josiah Robinson, bankrupt. Application for an order for the examination of George McMasters before a referee in bankruptcy in another district in support of a creditor's specifications of objection to the bankrupt's discharge. Denied.

W. A. McDowell and W. L. Converse, for bankrupt.
Bowersock & Hall, for creditors.

WILLARD, District Judge. In the above-entitled matter, the bankrupt having filed his petition for a discharge, the Fidelity Trust Company, of Kansas City, Mo., and the Union National Bank, of Kansas City, Mo., appeared and opposed the granting of the petition. Specifications of their objections were duly filed, and the case was referred to the referee of this division to take the evidence and report the same to the court. The matter is still pending before him under that order of reference.

The objecting creditors now present to the court a petition alleging that they desire to take the evidence of George McMasters, a citizen and resident of the county of Rock Island, in the state of Illinois,

and general manager of the Mutual Wheel Company, a corporation of the state of Illinois, in support of their specification that the bankrupt removed, transferred, and concealed, for the purpose of defrauding his creditors, within four months of his bankruptcy, certain stock of the Mutual Wheel Company.

The petition alleges that, by agreement between the creditors and the attorney for the bankrupt, the testimony of McMasters was to be taken before a notary public at Rock Island, but that McMasters refused to appear before that officer and give his testimony. The creditors now ask that this court require and authorize the referee in bankruptcy in the city of Rock Island to cause McMasters to appear before him and be examined, and to bring with him before the referee the records and papers of the Mutual Wheel Company.

The application is apparently based upon section 21a of the Bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]). The Supreme Court of the United States, on February 21, 1910, decided the case of Babbitt, Trustee in Bankruptcy, v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. ——, and in this opinion it said:

"The precise question before us on the present appeal is whether, in a case in which the original court of bankruptcy could act summarily, another court of bankruptcy, sitting in another district, can do so in aid of the court of original jurisdiction."

And it concluded with this declaration:

"There is no decision of this court adverse to the ancillary jurisdiction of the District Courts as asked to be exercised in this case. Upon the whole, we are of opinion that the District Court for the Southern District of New York had jurisdiction of the petition below and to grant the relief therein prayed for."

On the same day the Supreme Court decided the case of Abram I. Elkus, Petitioner, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. ——, and in that case the court said:

"The questions submitted are: (1) Did the United States District Court for the Southern District of New York have jurisdiction to grant an order for the examination of witnesses, who were residents of that district, when the bankrupt proceedings in which the examination was desired were being administered in the Northern District of Illinois? (2) Have the respective District Courts of the United States sitting in bankruptcy ancillary jurisdiction to make orders and issue process in said proceedings pending and being administered in the District Court of another district? On the authority of Babbitt, Trustee, etc., v. Dutcher et al., just decided, we answer both questions in the affirmative."

It is thus seen that, if the petitioners have the right to an examination of McMasters under section 21a of the bankrupt act, they can obtain it by application to the United States District Court for the Southern District of Illinois. Under these circumstances, I do not feel called upon to decide whether under that section this court has any authority to issue an order requiring McMasters to appear before the referee in bankruptcy at Rock Island, or whether it can authorize the referee himself to require such appearance. Even if this court did have that power, there are certain practical objections in the way

of issuance of a subpœna, punishment for contempt, and other matters which might be referred to, that justify me in requiring the petitioners to proceed before the Illinois court.

It seems to me, however, that the case does not fall under paragraph "a," § 21, but rather under paragraph "b" of the same section, which is as follows:

"The right to take depositions in proceedings under this act shall be determined and enjoyed according to the United States laws now in force, or such as may be hereafter enacted relating to the taking of depositions, except as herein provided."

Under that section there are various ways in which the petitioners may proceed, some of which are indicated in the case of In re Williams (D. C.) 123 Fed. 321, cited by petitioners.

If the petitioners do not care to proceed in the United States District Court for the Southern District of Illinois, but desire the appointment of a commissioner under section 21b, for the taking of testimony in Rock Island, such a commission will be issued upon proper application made therefor.