## In re WASHINGTON STEEL & BOLT CO.

(District Court, W. D. Washington, N. D. January, 1914.)

### No. 4717.

BANKRUPTCY (§ 244*)—DEPOSITIONS—AUTHORITY OF BANKRUPTCY COURT.

The provision of Bankr. Act July 1, 1898, c. 541, § 21b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), that "the right to take depositions in proceedings under this act shall be determined and enjoyed according to the United States laws now in force or such as may be hereafter enacted relating to the taking of depositions except as herein provided," confers on courts of bankruptcy the same powers in relation to the taking of depositions as are possessed by the federal courts in civil actions, and the proviso of section 41a, "that no person shall be required to attend as a witness before a referee at a place outside of the state of his residence and more than 100 miles from such place of residence;" does not limit the authority given by Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), to take the deposition of any witness who lives at a greater distance from the place of trial than 100 miles, whether within or without the state.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 244.*]

In the matter of the Washington Steel & Bolt Company, bankrupt. On objections by trustee to issuance of commissions to take depositions. Objections overruled.

James B. Murphy, of Seattle, Wash., for petitioner.
J. W. Russell, of Seattle, Wash., for trustee.

NETERER, District Judge. A petition has been filed together with notice with the referee to take the depositions of the hereinafter named witnesses. This petition and notice to take depositions has been duly served upon the attorneys representing the trustee, and request has been made that Samuel B. King, a notary public of Chicago, Ill., be appointed to take the deposition of J. H. Osborne; that John Christ, a notary public of Cœur d'Alene, Idaho, be appointed commissioner to take the deposition of C. F. Chafin of said city; and that J. W.

Hancock, a notary public of Spokane, Wash., be appointed to take the depositions of R. L. Webster and W. J. Ambrose in said city of Spokane. The petition sets out that each of these parties whose depositions are desired resides more than 100 miles from the place of trial or court in which the above matter is pending, and all except two reside out of the state. Objection is made by the attorney for the trustee to the appointment of commissioners and the issuance of commissions on the ground that there are no provisions of statute under which the commissioners could be appointed and the depositions taken; that the section of the statute under which the application is made appertains to actions pending, while bankruptcy proceeding is a special proceeding.

Section 876, Rev. St. U. S. (U. S. Comp. St. 1901, p. 667), provides:

"Subpœnas for witnesses who are required to attend a court of the United States, in any district, may run into another district: provided, that in civil causes the witnesses living out of the district in which the court is held do not live a distance greater than 100 miles from the place of holding the same."

Section 863 of Rev. St. (U. S. Comp. St. 1901, p. 661), provides:

"The testimony of any witness may be taken in any civil cause * * * by deposition de bene esse, when the witness lives at a greater distance from the place of trial than 100 miles * * * or out of the district in which the case is to be tried; and to a greater distance than 100 miles from the place of trial. * * *"

Section 21b of the Bankruptcy Act, as amended June 25, 1910, c. 412, 36 Stat. 838 (U. S. Comp. St. Supp. 1911, p. 1498), provides:

"The right to take depositions in proceedings under this act shall be determined and enjoyed according to the United States laws now in force, or such as may be hereafter enacted relating to the taking of depositions, except as herein provided. (c) Notice of the taking of depositions shall be filed with the referee in every case."

Section 41 of the Bankruptcy Act provides:

"* * * That no person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and more than 100 miles from such place of residence, and only in case his lawful mileage and fee for one day's attendance shall be first paid or tendered to him."

I think it is apparent from the provisions of the act that it was the intention of Congress to confer upon courts the same jurisdiction and power relating to the taking of depositions in bankruptcy proceedings as are enjoyed by the courts in relation to civil actions.

This question is one of first impression in this court, nor is precedent presented from any of the District Courts. In the construction of statutes it is well settled that the general purpose intended to be subserved by the particular enactment under construction is to be considered, and that all provisions of the statutes which deal with the same subject are always to be taken into account.

Sections 863 and 876 were enacted prior to the Bankruptcy Act, and provide for compulsory attendance of witnesses within certain limits. The only limitation placed by section 876 was for the purpose of extending protection to the witness in not compelling him to appear except within certain limits, and section 863 afforded litigants an

opportunity of securing the testimony through a commissioner. The provisions of this section were clearly extended to bankruptcy proceedings by section 21b of the Bankruptcy Act.

It is contended that the provisions of section 41 required the attendance of witnesses residing within or out of the state and within the limit of 100 miles. From a consideration of the sections named, together with section 41, it manifestly appears, when the purpose intended to be subserved is taken into consideration, together with the provisions of section 863, that there was no intention to modify the powers or to limit any authority conferred by sections 876 and 863. I think that the general provisions of section 863 with relation to the taking of depositions apply to bankruptcy proceedings, and that the provisions of section 41 of the Bankruptcy Act are not an enlargement of section 863, R. S., but that it is brought by section 21 within the provisions of section 863.

The following authorities, while not deciding the matter at issue, would indicate the soundness of this conclusion: In re Hempstreet (D. C.) 117 Fed. 568; In re Williams (D. C.) 123 Fed. 321; In re Robinson (D. C.) 179 Fed. 724; In re Cole (D. C.) 133 Fed. 414; Collier on Bankruptcy, p. 386.

Let an order be entered in accordance with this opinion.