## In re CHAMPION TOOL CO.

### Petition of GOLD.

(Circuit Court of Appeals, Second Circuit. February 2, 1925.)

No. 143.

Bankruptcy ⟷237—Witness required to appear before referee as special commissioner in other state and district, but at place within 100 miles of residence.

Under Rev. St. § 876 (Comp. St. § 1487), witness must obey an order by federal District Court to appear before a referee in bankruptcy as special commissioner for examination, under Bankruptcy Act, § 21a (Comp. St. § 9605), at a place within 100 miles of his residence, but in another state and district; section 41a (Comp. St. § 9625) merely limiting the authority of the referee as such to require attendance of witness.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the Champion Tool Company, bankrupt. Herman Gold was adjudged in contempt for failure to obey subpoena of the District Court, and he petitions to revise. Petition dismissed, and order affirmed.

Max Rockmore, of New York City, for petitioner.

David W. Kahn, of New York City, for respondent.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. The respondent, Ehrborn, was appointed on March 10, 1924, ancillary receiver in bankruptcy of the Champion Tool Company by order of the District Court for the Southern District of New York. On April 15, 1924, he applied to that court for an order directing the petitioner to appear for examination

under section 21a of the Bankruptcy Act (Comp. St. § 9605) before one of the referees in bankruptcy as special commissioner. The order was granted, and the clerk directed to issue a subpœna to secure his attendance. The clerk issued the subpœna, and it was served upon him in the city of Newark, N. J., and therefore outside the Southern district of New York, though within 100 miles of the place where he lived. Deeming the subpœna invalid, he refused to obey it, and the receiver thereupon applied to the court for an order adjudging him in contempt. The District Court so held, and it is this order which the petition seeks to revise.

The petitioner relies upon the proviso to section 41a of the Bankruptcy Act (Comp. St. § 9625), which reads as follows: "No person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and more than one hundred miles from such place of residence." The respondent, on the other hand, relies upon section 876 of the Revised Statutes (Comp. St. § 1487), under which in civil causes witnesses may be subpœnaed outside of the district, provided they do not live more than 100 miles from the place where the court is held. ·

The question is a formal one and depends upon the meaning of section 21a, which allows "a court of bankruptcy" to require any one "to appear in court or before a referee or the judge of any state court" for examination. The referee, by section 1a (7), being Comp. St. § 9585, may be a court of bankruptcy, but only, we think, when he acts as referee. There can be no doubt that, if the order had required the petitioner to appear before the District Judge in person, the subpœna would have been good under section 876 of the Revised Statutes, and we will assume, without deciding, that the proviso to section 41a was correctly interpreted in Re Hemstreet (D. C.) 117 F. 568, and Re Cole (D. C.) 133 F. 414, and that the referee could not have called him from outside the Southern district of New York.

Nevertheless we adhere to the established conception of a special commissioner, as directly representing the court and as acting merely as its immediate delegate. The distinction between such commissioners and referees in bankruptcy is of long standing, and we should be unwilling to confuse the law by extending the word "referee," in section 41a, beyond its conventional limitation.

The petition is dismissed, and the order affirmed.