## In re TRACHTENBERG.

(District Court, E. D. Pennsylvania. October 13, 1925.)

No. 9281.

**Witnesses ⊜►12—Petition in bankruptcy proceeding to obtain ancillary order of examination of witnesses residing in another district will be denied.**

Petition to United States District Court in bankruptcy proceeding to obtain ancillary order of examination of witnesses residing in another district will be denied, in view of Rev. St. § 876 (Comp. St. § 1487), authorizing court to reach by subpœnas witnesses residing within 100 miles, irrespective of district in which they may reside, not being changed by Bankruptcy Act, § 41 (Comp. St. § 9625), and court, under section 21 (Comp. St. § 9605), being authorized to require attendance of witnesses before referee, and referee, under General Order No. III being authorized to obtain necessary subpœnas.

In Bankruptcy. In the matter of Samuel H. Trachtenberg, bankrupt. On petition to obtain ancillary order of examination of witness. Petition dismissed.

J. H. Marvis, of Philadelphia, Pa., for petitioner.

Barnett Cohen and Furth, Singer & Bortin, all of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. Upon a voluntary petition, an adjudication of bankruptcy was entered on January 20, 1925, and the matter was referred to Referee Hill. The bankrupt having filed a petition for discharge, specifications of objection were filed by the petitioner, Caroline Plant Trachtenberg, which were duly referred to Referee Hill as special master under General Order XII.

The petition sets out the names of five witnesses residing in the city of New York whom the petitioner desires to call in support of the specifications, and applies for an order permitting her to apply to the District Court for the Southern District of New York for an ancillary order of examination of the said witnesses. The petition is based upon the allegation that the presence of these witnesses before the special master cannot be enforced by a subpœna issuing out of this court.

I find no support in the law for that conclusion. Section 876 of the Revised Statutes (Comp. St. § 1487) provides that "subpœnas for witnesses who are required to attend a court of the United States, in any district, may run into any other district: Provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same."

The power of the court to reach by subpœna witnesses residing within 100 miles has, so far as counsel have been able to point out, never been questioned. Section 41 of the Bankruptcy Act (Comp. St. § 9625), concerning contempts before referees, contains a proviso "that no person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and more than one hundred miles from such place of residence, and only in case his lawful mileage and fee for one day's attendance, shall be first paid or tendered to him."

The proviso in section 41 does not change or enlarge the power of the District Courts to compel the attendance of witnesses as provided in section 876 of the Revised Statutes. See In re Hemstreet (D. C.) 117 F. 568; In re Woodward, Fed. Cas. No. 18,000. As the court, under the provision of Bankruptcy Act, § 21 (Comp. St. § 9605), can require the attendance of witnesses before the referee, and under General Order III the referee may obtain from the clerk the necessary subpœnas, there is no lawful ground for applying for an ancillary order of examination of the witnesses.

The petition is dismissed.