## ELKUS, PETITIONER. (IN THE MATTER OF THE MADSON STEELE COMPANY, BANKRUPT.)

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 238.    Argued November 29, 1909.—Decided February 21, 1910.

On the authority of *Babbitt* v. *Dutcher, ante,* p. 102, *held* that:

A court of bankruptcy has jurisdiction to grant an order for examination of a witness who resides in that district although the bankrupt proceedings in which the examination is desired are being administered in another district.

The respective District Courts of the United States sitting in bankruptcy have ancillary jurisdiction to make orders and issue process in aid of proceedings pending and being administered in the District Court of another district.

THE facts are stated in the opinion.

*Mr. Abram I. Elkus pro se,* with whom *Mr. Carlisle J. Gleason* was on the brief, for the petitioner.

There was no appearance for any other party.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The certificate, with the accompanying statement of facts, is as follows:

"On the 28th day of February, 1908, a petition in involun-

tary bankruptcy was filed in the United States District Court for the Northern District of Illinois, against the Madson Steele Company, and in due course the said corporation was adjudicated a bankrupt, and Frank M. McKey was appointed its trustee in bankruptcy.

"Application was made to the United States District Court for the Southern District of New York for an authorization to examine, pursuant to the provision of section 21a of the national bankruptcy act, the officers of a New York corporation which it was alleged had, within four months prior to the filing of the petition in bankruptcy received a payment under circumstances which would permit of recovery by the trustee in bankruptcy as a voidable preference. These officers were residents of the Southern District of New York.

"The application in the Southern District of New York was made on behalf of the trustee of the bankrupt's estate, which was being administered in the Northern District of Illinois, and the order proposed for signature required the examination of witnesses within the jurisdiction of the District Court for the Southern District of New York and the production of books and vouchers which contained transactions between the bankrupt corporation and the New York corporation.

"The United States District Court for the Southern District of New York refused to direct the appearance and examination of the said witnesses on the ground that it had no jurisdiction to grant an order for examination in a proceeding which was not pending within its own district, and from the order denying the right to examine the petition to review was taken to this court.

"The questions submitted are:

"I. Did the United States District Court for the Southern District of New York have jurisdiction to grant an order for the examination of witnesses, who were residents of that district, when the bankrupt proceedings in which the examination was desired were being administered in the Northern District of Illinois?

"II. Have the respective District Courts of the United States sitting in bankruptcy ancillary jurisdiction to make orders and issue process in aid of proceedings pending and being administered in the District Court of another district?"

On the authority of *Babbitt, Trustee,* v. *Dutcher,* just decided, *ante,* p. 102, we answer both questions in the affirmative, and it will be

<div align="right">

*So certified.*