## In re PRINTOGRAPH SALES CO.

(District Court, E. D. Pennsylvania. February 7, 1914.)

### No. 1,159.

1. BANKRUPTCY (§ 217*)—COURTS—ANCILLARY JURISDICTION.

A federal District Court has ancillary jurisdiction over a petition by a bankrupt's trustee, appointed and qualified in another district, to restrain the prosecution of distress proceedings by a landlord against property of the bankrupt within the district.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 215*)—DISTRAINT—RIGHT TO PROCEED—BANKRUPTCY PROCEEDINGS—INTERVENTION.

Where distress proceedings by a landlord against a bankrupt were not instituted until after adjudication in bankruptcy in the court of primary jurisdiction, the landlord's right was barred, since, under Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), the title of the bankrupt's property passes to the trustee on his appointment as of the date of adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 324–326; Dec. Dig. § 215.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Printograph Sales Company. On petition of the trustee to restrain a sale of the bankrupt's assets under a landlord's warrant of distress. Restraining order made permanent.

Mark W. Collet and John F. McEvoy, both of Philadelphia, Pa., for petition.

Isaac C. Sutton, of Philadelphia, Pa., opposed.

THOMPSON, District Judge. The Printograph Sales Company was adjudged a bankrupt in the United States District Court for the Western District of Wisconsin on October 29, 1913, and the petitioner was elected trustee in bankruptcy on November 11, 1913. The bankrupt company was tenant under a lease from the Library Bureau Company of Philadelphia of an office on the third floor of the building numbered 910–912 Chestnut street, Philadelphia, at a rental of $70 per month payable monthly. The term of the lease is five years expiring June 1, 1916. On November 5, 1913, the Library Bureau Company caused distraint to be made for the $70 installment of rent due No-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vember 1, 1913, and also for all rent up to the end of the term of the lease. The landlord claims that the entire rental for the balance of the term is due, having become accelerated by reason of breach of the following covenants of the lease:

"If the said lessee or any one acting on behalf of lessee, or connected with lessee in any manner, shall at any time during the continuance of this lease, attempt to remove or manifest what in the judgment of the lessor constitutes an intention to remove the goods and effects out of or off from said demised premises without having paid and satisfied the said lessor in full for all rent which shall become due during the term of this lease, or any renewal thereof, then and in such case, such removal or attempt to remove, or manifestation of intention to remove, shall be considered fraudulent, and the whole rent for the whole term of this lease, or any renewal thereof, shall be taken to be due and payable; and the said lessor may proceed by landlord's warrant or other process to distrain and collect the whole in the same manner as if by the conditions of this lease the whole rent were payable in advance."

"If the said lessee shall become embarrassed, make an assignment for the benefit of creditors, or if a petition in bankruptcy shall be filed by or against the lessee, or a bill in equity or other proceeding for the appointment of a receiver for the lessee, or if the personal property of the lessee shall be sold by sheriff's or marshal's sale, then the rent for the said term or for whatever portion thereof the lessor may desire, shall at once become due and payable as if by the terms of this lease it were all payable in advance, and shall be first paid out of the proceeds of such assignment, bankrupt estate, or sale, any law, usage or custom to the contrary notwithstanding."

By virtue of a landlord's warrant, distraint has been made by a constable, the personal property of the bankrupt upon the premises seized, and advertisement of sale made. On December 19, 1913, upon the petition of the bankrupt, a restraining order for a period of ten days was issued and a rule granted upon the Library Bureau Company, landlord, and William J. Slemmer, constable, to show cause why they should not be further restrained from proceeding with the distraint against the property of the bankrupt. An answer of the Printograph Sales Company was filed December 23, 1913, praying for proof of the adjudication in bankruptcy and the appointment of the trustee and claiming a right to distrain under the paragraphs of the lease above recited. On December 30th Harry C. Fair, the trustee in bankruptcy, filed a petition praying that the distraint and levy be permanently stayed. At the hearing on the petitions and answer, a certified copy of the order of adjudication in bankruptcy on October 29, 1913, and the appointment of Harry C. Fair, as trustee, on the 11th of November, 1913, and the approval of his bond in the District Court for the Western District of Wisconsin, was presented and filed.

[1] It cannot be questioned that, upon the petition of a trustee appointed and qualified in bankruptcy proceedings pending in another district, this court has ancillary jurisdiction over the matter in controversy; the respondents and the property both being within this district. Bankruptcy Act, § 2, subd. 20, added by the amendment of June 25, 1910 (chapter 412, 36 Stat. 839 [U. S. Comp. St. Supp. 1911, p. 1491]); Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Re Elkus, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208.

[2] The question for determination is not the nature and extent of the landlord's claim to priority under the lease, but whether he is entitled to enforce its terms by distress. Before the distraint was made, the District Court of primary jurisdiction had adjudicated the Printograph Sales Company a bankrupt, and when the constable levied for the rent the property was already in custodia legis. Keegan v. King (D. C.) 96 Fed. 758; In re Frazin & Oppenheim (D. C.) 174 Fed. 713.

Upon the appointment and qualification of the trustee, he is, by section 70a, vested with the title of the bankrupt as of the date of adjudication. The property therefore having passed into the custody of the law prior to the levy under the landlord's warrant, the landlord can take nothing by virtue of the seizure. The right to distraint for rent in arrear must be exercised prior to adjudication to be of avail. In re Duble (D. C.) 117 Fed. 794; In re West Side Paper Co., 162 Fed. 110, 89 C. C. A. 110, 15 Ann. Cas. 384; Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233.

The restraining order heretofore made will therefore be made permanent in accordance with the prayer of the petition.