## In re MUSIC MASTER CORPORATION.

(District Court, E. D. New York. September 28, 1926. Supplemental Opinion November 16, 1926.)

**Bankruptcy ⬦391(3)—Referee Is without power to stay suit in another district.**

A referee is without power by an ex parte order to stay a suit against the bankrupt by one not a party to the proceedings pending in a federal court of another district, though he may authorize the trustee to apply to that court for a stay.

In Bankruptcy. In the matter of the Music Master Corporation, bankrupt. On adjudication in the Eastern district of Pennsylvania. On motion by trustee to stay action by Adelbert T. Emerson against the bankrupt and others, and request that court exercise ancillary jurisdiction in his aid. Denied.

Metcalfe & Branch, of New York City (Daniel E. Fitzpatrick, of New York City, of counsel), for plaintiff.

Hays, Hershfield & Wolf, of New York City (Wolfgang S. Schwabacher, of New York City, of counsel), for trustee.

o

MOSCOWITZ, District Judge. This is a motion made by the trustee of the Music Master Corporation, bankrupt, enjoining and restraining the prosecution of a certain action pending in this court, in which Adelbert T. Emerson is plaintiff and Sheip & Vandergrift, Inc., Nelson Vandergrift, Walter L. Eckhardt, and Music Master Corporation are defendants.

The Music Master Corporation was adjudicated a bankrupt in the United States District Court for the Eastern District of Pennsylvania, in which proceeding David S. Ludlum was elected trustee. The referee in bankruptcy of the United States District Court for the Eastern District of Pennsylvania, on the 14th of July, 1926, made an ex parte order containing the following provisions:

"It is ordered, adjudged, and decreed that Adelbert T. Emerson is hereby restrained from proceeding further against the Music Master Corporation in a certain action now pending in the United States District Court, Eastern District of New York, wherein Adelbert T. Emerson is plaintiff, and Sheip & Vandergrift, Inc., Nelson Vandergrift, Walter L. Eckhardt, and Music Master Corporation are defendants. Said David S. Ludlum, trustee of the bankrupt estate of Music Master Corporation, is hereby authorized to apply to the judges of the United States District Court for the Eastern District of New York to restrain Adelbert T. Emerson from proceeding further in said action in so far as it applies to Music Master Corporation, defendant. This is to further certify that Music Master Corporation, bankrupt, has been referred by the United States District Court for the Eastern District of Pennsylvania to C. Henry Stinson, referee, before whom all proceedings in said bankruptcy case are now pending."

The order was evidently based upon a petition, signed by the trustee, containing the following provisions:

"(2) Your petitioner further represents that there is pending in the United States District Court for the Eastern District of New York, under the term number L2594, an action of Adelbert T. Emerson, plaintiff, v. Sheip & Vandergrift, Inc., Nelson Vandergrift, Walter L. Eckhardt, and Music Master Corporation, for the recovery of damages in a large amount, on the theory that the plaintiff has the sole and exclusive use of the word "Music Master" and that the defendants have used said name to the great loss of the plaintiff.

"(3) Your petitioner respectfully requests your honorable court to enter an order staying said proceeding in so far as it applies to Music Master Corporation, defendant, and further requests your honorable court to authorize him to make a like application in the United States District Court for the Eastern District of New York, so that said action, as far as it applies to the Music Master Corporation, now in bankruptcy, may be stayed."

It appears that the action sought to be stayed contains two causes of action: (1) For an alleged conspiracy. (2) In tort, for the alleged inducing of a breach of contract. It does not appear that they are dischargeable under the Bankruptcy Act.

Apparently the referee in bankruptcy was not thoroughly advised of the nature of the action pending in this court, and, as the petition upon which the application was based states, the action is "for the recovery of damages in a large amount, on the theory that the plaintiff has the sole and exclusive use of the word 'Music Master,' and that the defendants have used said name to the great loss of the plaintiff."

The said trustee requests that this court exercise ancillary jurisdiction in aid of the trustee in bankruptcy. Section 2 of the Bankruptcy Act (section 9586, United States Compiled Statutes) provides:

"The courts of bankruptcy as hereinbefore defined, viz., District Courts of the Unit-

ed States and the several states, * * * are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation, in chambers and during their respective terms, as they are now or may be hereafter held, to * * * (20) exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy."

The trustee in his affidavit relies upon the order of the referee in invoking the discretion of this court, as he sets forth nothing other than a general conclusion in his affidavit to the effect that the prosecution of the action in this district will "harass a proper administration in bankruptcy of the estate of the said Music Master Corporation, and will tend to embarrass the bankruptcy proceedings and interfere with the proper enforcement of the provisions of the Bankruptcy Act relative thereto."

Ordinarily this court would be guided by the action of the referee in bankruptcy in the Eastern district of Pennsylvania but it appears that the referee did not have all the facts before him. The referee, appointed in the United States District Court for the Eastern District of Pennsylvania, was without power to stay the action pending in this District. He was authorized, however, to permit the trustee to make an application to this court for a stay of the action pending in this court.

In the matter of Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, at page 311, 32 S. Ct. 96, 101 (56 L. Ed. 208), Justice Day, in writing the opinion of the court, said:

"As to the injunction, we are of the opinion that there was no power in the District Court to issue an ex parte injunction, without notice or service of process, attempting to restrain the Beekman Lumber Company from suing in a state outside the jurisdiction of the district court. Such proceeding could only have binding force upon the lumber company if jurisdiction were obtained over it by proceedings in a court having jurisdiction, and upon service of process upon such creditor. Whether ancillary proceedings could be had in a District Court in aid of the jurisdiction of an original court of bankruptcy was a subject of much discussion and divers decisions in the federal courts. In Babbitt v.

Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402 [17 Ann. Cas. 969] and In re Elkus, 216 U. S. 115, 30 S. Ct. 377, 54 L. Ed. 407, the matter came before this court, and it was there determined that there was ancillary jurisdiction in the courts of bankruptcy, in aid of the original jurisdiction in the bankruptcy court, to make orders and issue processes summarily in aid of the original jurisdiction. In the opinion in Babbitt v. Dutcher it was pointed out by Mr. Chief Justice Fuller, speaking for the court, that the jurisdiction of the bankruptcy courts under the act of 1898 was limited to their respective territorial limits, and was in substance the same as that provided by the act of 1867 [14 Stat. 517], giving such courts jurisdiction in their respective districts in matters of proceedings in bankruptcy. The necessary deduction from these cases is to deny to the district courts jurisdiction such as was sought to be asserted in this case by the issuing of an injunction against one not a party to the proceeding, and which undertook to have effect in the distant jurisdiction outside the territorial jurisdiction of the District Court. Under the act of 1898, as expounded in the two cases in 216 U. S., supra, the injunction might have been sought in the District Court of the United States in the District in Missouri, where personal service could have been made upon the Beekman Lumber Company. Since the decision in the cases just referred to, Congress has passed the Act of June 25, 1910, amending the Bankruptcy Law, specifically giving ancillary jurisdiction over persons and property within their respective territorial limits to the District Courts of the United States in aid of the receiver or trustee appointed in a bankruptcy proceeding pending in another court of bankruptcy. 36 Stat. p. 838, c. 412."

I am inclined to deny the motion for a stay, but I think that orderly procedure suggests that a motion be made before the referee to vacate the ex parte order. I shall withhold decision on this motion until disposition of the motion before the referee.

### Supplemental Opinion.

A motion was heretofore made herein by the trustee of the Music Master Corporation, bankrupt, enjoining and restraining the prosecution of a certain action pending in this court, in which Adelbert T. Emerson was plaintiff and Sheip & Vandergrift, Inc., Nelson Vandergrift, Walter L. Eckhardt, and Music Master Corporation were defendants.

The motion was based upon an order of

the referee in bankruptcy of the United States District Court for the Eastern District of Pennsylvania, enjoining and restraining the prosecution of said action. Decision on said motion herein was withheld pending an application to be made in the United States District Court for the Eastern District of Pennsylvania to vacate the order of the referee staying said action pending in this court. I have been advised that the motion was made, and the United States District Court for the Eastern District of Pennsylvania vacated the order containing the injunction.

This motion will therefore be denied. Settle order on notice.