## GUARANTY TRUST CO. OF NEW YORK v. DANIEL.
### No. 9088.

Circuit Court of Appeals, Eighth Circuit.

May 4, 1931.

William C. Dorsey, of Omaha, Neb. (H. Malcolm Baldrige, of Omaha, Neb., on the brief), for appellant.

Winthrop B. Lane, of Omaha, Neb. (Halleck F. Rose, Arthur R. 'Wells, and Paul L. Martin, all of Omaha, Neb., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

The Peters Trust Company of Omaha, Neb., hereafter called bankrupt, was adjudged insolvent in a proceeding in the state court on November 25, 1929. On November 27, 1929, a petition was filed in the United States Court at Omaha by some of its creditors asking that it be declared a bankrupt, and on December 10, 1929, an adjudication of bankruptcy and order of reference were made on this petition and Herbert S. Daniel was appointed as receiver. The receiver was afterwards chosen as trustee of the bankrupt. In April, 1930, appellant, the Guaranty Trust Company of New York, filed before the referee at Omaha, Neb., a petition for reclamation of certain negotiable bonds. In its petition the Guaranty Trust

Company alleged that the Guaranty Company of New York had shipped these bonds to the bankrupt on November 20, 21, and 23, 1929, pursuant to an order of the bankrupt and that they were received by the bankrupt on November 23 and November 25, 1929. It alleged that the bankrupt knew of its insolvency when it ordered the bonds, and did not intend to pay for them, that they were fraudulently obtained, and that no valid title to them passed to the bankrupt. It was further alleged that the Guaranty Company had assigned to the Guaranty Trust Company the accounts against the bankrupt for the bonds, that the Guaranty Trust Company was the owner of the bonds, and the prayer was for an order by the referee directing the trustee to deliver the bonds to the petitioner, and for such other relief as might be just and proper. The trustee answered this petition for reclamation, asserting that the sale of the bonds to the bankrupt had been made in the usual course of business, and denied a fraudulent purchase. In addition to these defensive averments, the trustee alleged that the Guaranty Trust Company had in its possession $31,224.60 which belonged to the bankrupt estate, which had been accumulated by the receiver and trustee of the bankrupt after the adjudication, and asked for an order directing the Guaranty Trust Company to pay this amount to the trustee. At a hearing before the referee the Guaranty Trust Company moved that this portion of the answer by the trustee should be stricken out, because it pertained to an issue, separate from the one presented by the petition for reclamation, and was an issue not within the jurisdiction of the referee. The referee overruled this motion, and thereafter the Guaranty Trust Company announced that it was entering a dismissal of its reclamation proceedings and participated no further in the hearing before the referee. The hearing continued before the referee and testimony was received from a number of witnesses, and at the conclusion the referee entered an order, which, in part, was as follows:

"And the court further finds that the Guaranty Trust Company has in its hands the sum of $23,724.60 in cash, belonging to Herbert S. Daniel, trustee of the above named bankrupt; that said sum was accumulated by Herbert S. Daniel, as receiver subsequent to February 12th, 1930, said moneys having been collected by said Guaranty Trust Company for and on behalf of said bankrupt estate from the Prudential Insurance Company of America on mortgages made by the bank-

rupt and sold to the Prudential Insurance Company of America, and that said Guaranty Trust Company has not made herein any claim to the said fund of $23,724.60, and has no claim to the said fund, or to any part thereof, and is merely holding the said sum of $23,724.60 as custodian and agent of Herbert S. Daniel, as trustee of the above named bankrupt, and that said sum should be delivered forthwith to said trustee.

"And the court further finds generally that the allegations in the answer of Herbert S. Daniel, trustee, are true. * * *

"And it is further ordered that the Guaranty Trust Company of New York, the applicant herein, be, and it is hereby ordered and directed to forthwith pay over to Herbert S. Daniel, as trustee of the above bankrupt estate, the sum of $23,724.60, of moneys in the hands of said Guaranty Trust Company of New York, belonging to Herbert S. Daniel, trustee of said bankrupt estate, with interest thereon at the rate of 7 per cent per annum from this date."

█ The Guaranty Trust Company filed with the referee a petition for review of this order, and this petition for review was submitted to the court upon the record and the proceedings before the referee. The court affirmed the order, except as to the allowance of interest. The Guaranty Trust Company has appealed from this decision. Its assignments of error allege, in various forms of expression, that the referee was without jurisdiction to make the order complained of, after appellant had dismissed its petition for reclamation. It also alleged that appellant was in possession of the moneys in controversy, and that it was outside of the territorial jurisdiction of the bankruptcy court. A further claim was made that appellant was an adverse claimant of the money. No complaint was made of the facts found by the referee. Under these findings, there is no basis for any claim that the appellant was an adverse claimant, both because no such claim was asserted, and because the referee found that the money in question was the bankrupt's and had been received after the bankruptcy proceedings had begun.

█ There remains the question whether the referee and the court below had the power to order this money to be turned over to the referee. Appellant does not question the authority of a bankruptcy court, through ancillary proceedings in the territorial jurisdiction of appellant's residence, to order the delivery of the bankrupt's assets, but appellant as-

serts that it was not subject to the order of the referee in this case, although it had filed a petition in reclamation before him. The courts of bankruptcy may act in the exercise of their jurisdiction in their territorial limits, but there may be ancillary bankruptcy proceedings in other districts, in aid of the bankruptcy court exercising primary jurisdiction. Bankruptcy Act, § 2 (20), 11 USCA § 11 (20); Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Elkus, 216 U. S. 115, 30 S. Ct. 377, 54 L. Ed. 407; Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305. An order by the referee directing appellant, as a resident of New York, to surrender to the trustee property which it held there, would be beyond the ordinary powers of the referee. Staunton v. Wooden (C. C. A.) 179 F. 61.

Appellee claims that the referee had jurisdiction to make the order complained of, because a bankruptcy case is a proceeding in equity, and when the appellant filed its petition for reclamation it became subject to Equity Rule 30 (28 USCA § 723), which provides that the answer, in an equity case, "must state in short and simple form any counterclaim arising out of the transaction * * * and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

It may be conceded that the trustee might have brought an independent suit in equity to recover the amount of money which he alleged the appellant had, belonging to the bankrupt estate. Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157. What was the power of the referee to hear and determine such an issue, if the allegations of the answer should be treated under Equity Rule No. 30, as the statement of a counterclaim? In Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 536, 64 L. Ed. 898, the court considered the authority of a referee to entertain a suit against a third person seeking to set aside an alleged fraudulent conveyance and to recover for the estate the goods conveyed. After referring to the provisions in the Bankruptcy Act and in the General Orders in Bankruptcy, conferring power upon the referee, the court decided that such a suit was not a "proceeding" in bankruptcy, within the meaning of that term as found in General Order XII (1), 11 USCA § 53. The court said: "We

find nothing in the provisions of the Bankruptcy Act that makes it necessary or reasonable to extend the authority and jurisdiction of the referee beyond the ordinary administrative proceedings in bankruptcy and such controversial matters as arise therein and are in effect a part thereof, or to extend the authority of the referee under the general reference so as to include jurisdiction over an independent and plenary suit such as the one under consideration. The provisions of the act, as well as the title of his office, indicate that the referee is to exercise powers not equal to or co-ordinate with those of the court or judge, but subordinate thereto; and he becomes 'the court' only by virtue of the order of reference. In the General Orders the word 'proceedings' occurs frequently, but never in a sense to include a plenary suit. On the other hand, 'proceedings in equity' and 'proceedings at law' are specially dealt with in General Order XXXVII [11 USCA § 53]." See also Remington on Bankruptcy §§ 648, 2188, 2194.

We think the reasoning in this case applies also to any plenary suit brought before the referee by the trustee to recover a sum of money alleged to belong to the bankrupt, but the petition of appellant for reclamation, and the portion of the trustee's answer which asked for affirmative relief were, in fact, petitions by the parties asking the referee to exercise his summary jurisdiction in proceedings in bankruptcy. The two proceedings were quite distinct. Appellant sought to recover certain bonds to which it claimed title. The trustee sought an order that appellant should pay over money of the bankrupt estate received by appellant, after bankruptcy. The proceedings would not have been more unrelated to each other, if the trustee had sought an order on appellant for the delivery of books and papers such as was asked in Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, or an order for the examination of witnesses such as was asked in Re Elkus, 216 U. S. 115, 30 S. Ct. 377, 54 L. Ed. 407. We have been cited to no authority for the proposition that a creditor or other petitioner asking specific relief against a bankrupt's estate, as provided by the Bankruptcy Act, thereby becomes subject to summary orders by the referee in matters entirely disconnected from the subject-matter of such claim or petition, and no such authority is believed to exist.

Under the circumstances we think that the appellant's objections to the jurisdiction

should have been sustained, and the order of the court affirming the order of the referee will be reversed.