Statement of the case. A receiver was appointed for the defendant, a dissolved corporation, under section 43 of the General Corporation Law (Rev. Code 1915, § 1957, as amended by 34 Del. Laws, c. 112, § 11), on the application of the complainant, which was both a creditor and stockholder.
After the receiver was appointed, notice was directed to creditors to file their claims on or before a designated date. General Electric Company, the complainant in the bill, filed its claim as a creditor in the amount of $966,970.77.
Franklin Control Company, a stockholder, filed exceptions to the claim of General Electric Company and at the same time filed a counterclaim against that company in behalf of the dissolved corporation. The claim of General Electric Company is based on an open account, on contracts for the manufacture by General Electric Company for the Penn Heat Control Company of certain patented devices for heat control and regulation and on promissory notes made by Penn Heat Control Company. The counterclaim, asserted in behalf of the defendant is based on the charge that General Electric Company purposely breached the manufacturing contracts in such manner, and generally so managed the defendant which was in its control, that the business of the defendant corporation was ruined. The counterclaim avers that General Electric Company, by pursuing the destructive course it is alleged to have pursued against the defendant, was able wrongfully to appropriate to itself the advantages of the defendant's experience and employ for use on its own heat control devices the inventions which the defendant owned without paying therefor. In short, the averments of the counterclaim are to the general effect that General Electric Company, which is alleged to have been in control of the defendant, fraudulently conducted the latter's business so as to bring about its destruction as a competitor in the heat control field, thereby causing the defendant great loss and damage.
General Electric Company has moved to strike out the counterclaim filed against it.
The claim of General Electric Company is based on an open account, on promissory notes and on breaches of contracts for the manufacture of certain heat control devices on the order and for the account of the defendant.
Franklin Control Company, a preferred stockholder of the defendant, asked and obtained leave to file on behalf of the defendant company exceptions to the claim of General Electric Company and a counterclaim. No objection has been interposed to the filing of the exceptions.
But General Electric Company does object to and has moved to strike out the counterclaim filed against it. One of the grounds of the motion is that leave should have been but was not obtained from the Chancellor to file the counterclaim. I do not understand why this point is made, because the record shows that, the receiver consenting, leave was asked for and obtained.
The nature and character of the claimant's claim has been stated. It sounds in contract. The character of the counterclaim sounds in tort. It charges the defendant with having purposely ruined the business of the defendant with the tortious design not only of killing it off as a potential competitor but as well of appropriating to itself without paying therefor the inventions which the defendant owned. Large damages are alleged to have been occasioned to the defendant by the claimant's alleged wrongful conduct in this regard. The amount thereof is not stated. The counterclaim alleges that the amount of the damages can be ascertained only by an accounting from the claimant, which is prayed for by way of cross-relief. The counterclaim also prays for a subpoena.
[1] Neither a receiver of a corporation in liquidation nor a stockholder in behalf of such a corporation should be allowed to answer a claim filed by an alleged creditor by filing a counterclaim which seeks affirmative relief against the claimant. A counterclaim cannot be made thus to serve the function of a crossbill in equity.
The filing of a claim in a liquidating receivership is not the equivalent of instituting a suit in equity (International Banking Corp. v. Lynch [C.C.A.] 269 F. 242, 246), and since that is so the equivalent of a cross-bill for affirmative relief should not be allowed to be *Page 589 
filed against it. A judgment or decree rendered against a claimant by way of cross-relief as an incident to opposing his claim would be improper. No practice in this jurisdiction warrants it. All the authority elsewhere to which my attention has been called opposes it. Youtsey v. Hoffman (C. C.) 108 F. 693; Guaranty Trust Co. of N. Y. v. Daniel (C.C.A.) 49 F.(2d) 866.
[2] The party filing the counterclaim appears to consider that because the claimant was the original complainant in the bill on which the receiver was appointed, it would be entirely proper to permit the counterclaim to be filed and made the basis of an affirmative cross-decree. This contention proceeds on the assumption that it would have been proper for the defendant corporation, when the General Electric Company, alleging itself to be a creditor, filed its bill for the appointment of a receiver, to have filed a cross-bill and prayed for the identical cross-relief which now is sought to be obtained against the General Electric Company as a claimant.
The assumption is an erroneous one. The original bill was a class bill which might have been brought by any stockholder or creditor. Section 43, General Corporation Law. It sought no relief personal to the complainant. What it sought was the appointment of a receiver to wind up the business of the defendant corporation and to administer its corporate assets for the benefit of all parties in interest. A cross-bill which sought to obtain against the complainant a personal decree for the payment of money would not have been germane to such a bill.
The motion to strike out all that portion of the exceptions appearing under the heading of "counterclaim" will be granted.
 Order accordingly. *Page 648