## SCHREFFLER v. SCHREFFLER.
### No. 3263.

Circuit Court of Appeals, Tenth Circuit.

May 8, 1946.

Byron G. Rogers, of Denver, Colo. (W. David McClain and Frank A. Bruno, both of Denver, Colo., on the brief), for appellant.

No appearance for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Thomas K. Hudson and Clarence W. Button, attorneys at law, filed in the United States Court for Colorado a petition in involuntary bankruptcy against R. E. Schreffler. It was alleged that Schreffler owed debts in the amount of $1000 or over; that the number of his creditors was less than twelve; that the petitioners had provable and unsecured claims against him amounting in the aggregate to $500 or more; that such claims were in the amount of $3470.83 and were for services rendered to Schreffler at his instance and request; and that Schreffler had within four months next preceding the filing of the petition committed three acts of bankruptcy, each consisting of the sale of property with the intent to hinder, delay, or defraud his creditors. Schreffler seasonably filed an answer in which he denied that he owed debts of $1000 or more; denied that petitioners were his creditors or that he owed them anything; and admitted the sales of property specified in the petition but denied that they were made with the intent to hinder, delay, or defraud his creditors. The answer contained a counterclaim in which it was alleged that Schreffler engaged Button to perform certain legal services; that Button departed to enter the military serv-

ice; that he was paid in full for the services rendered up to that time; that he arranged with Hudson to render the further services; that Hudson made a trip to Washington, D. C., at the expense of Schreffler for the purpose of taking certain depositions in an action to which Schreffler was a party but that he made no effort to take the depositions; that Hudson obtained $500 belonging to Schreffler to be used in employing an attorney in California to represent Schreffler in a case pending there; that Hudson made a trip to California but failed to employ an attorney and did not apply the money to the intended purpose; and that while Schreffler was gravely ill, Hudson assumed without authority to take charge of his business, did certain things in connection with the business, and made certain statements and representations to creditors and others concerning Schreffler which caused damage to his credit, standing, and position in the amount of $15,000. The prayer was that the petition be dismissed and that Schreffler have personal judgment against Hudson for the amount of the damage. The court dismissed the counterclaim, but without prejudice to the right of Schreffler to have it passed upon in the proceedings before the referee; and, without hearing any evidence, the court adjudged Schreffler to be a bankrupt. The appeal was from the order dismissing the counterclaim and from the order of adjudication.

█ Error is assigned upon the action of the court in dismissing the counterclaim. Since the order of dismissal expressly provided that it was without prejudice to the right of the alleged bankrupt to have the matter passed upon in the proceedings before the referee, it is doubtful whether any prejudicial effect resulted. But treating the order as a final dismissal of the counterclaim, it may be conceded, without deciding, that the substance of the counterclaim could appropriately be pleaded as an affirmative defense to the allegation in the petition that the petitioners were creditors of the alleged bankrupt and held a claim or claims against him of $500, or more, specifically of $3470.83 for services rendered. Still the substance of the counterclaim was not pleaded in that form or for that purpose. Instead, it was pleaded solely as the basis for recovery of a personal judgment for damages against one of the petitioners. We are not aware of any statute or established principle of law which permits an alleged bankrupt to recover judgment in that manner.

█ The order of adjudication is challenged on the ground that it was improvidently entered in the face of jurisdictional issues joined upon the pleadings, in the face of a demand for trial by jury upon such issues, and without the submission of any evidence. Section 3 of the Bankruptcy Act, as amended, 52 Stat. 840, 844, 11 U.S. C.A. § 21, provides among other things that the conveyance, transfer, concealment, or removal of property with the intent to hinder, delay, or defraud creditors shall constitute an act of bankruptcy. Section 4, sub. b, 11 U.S.C.A. § 22, sub. b provides that, with certain exceptions not material here any natural person owing debts of $1000 or more may be adjudged an involuntary bankrupt. And section 59, sub. b, 11 U.S.C.A. § 95, sub. b, provides that three or more creditors who have provable claims against a qualified person, fixed as to liability and liquidated as to amount in the aggregate amount of $500 or more, or if the creditors are less than twelve in number, then one of such creditors whose claim equals such amount, may file an involuntary petition against such person. The filing of a petition, as here, by two petitioners charging among other things that the alleged bankrupt owes debts of $1000 or more; that the petitioners hold a provable claim against him in the aggregate amount of $500 or more, that the total number of his creditors is less than twelve; and that he has within four months preceding the filing of the petition conveyed, transferred, concealed, or removed some or all of his property, with the intent to hinder, delay, or defraud his creditors, specifically describing the act, gives the court jurisdiction of the proceedings. But if these jurisdictional allegations are seasonably put in issue, they must be established by proof before an order of adjudication is warranted. Here, the alleged bankrupt seasonably denied that he owed debts of $1000 or more; denied that the petitioners held claims against him of $500 or more, or for

any amount; and denied that the sales pleaded in the petition were made for the purpose of hindering, delaying, or defrauding his creditors. Thus issue was joined upon jurisdictional allegations, and it was error to enter the order of adjudication in the absence of any evidence being introduced. Canal Bank & Trust Co. v. Brewer, 5 Cir., 18 F.2d 93.

The order dismissing the counterclaim is affirmed. The order of adjudication is vacated and the cause remanded.