ASSOCIATED ELECTRONIC SUPPLY
CO. OF OMAHA, Alleged Bank-
rupt, Appellant,

v.

C. B. S. ELECTRONIC SALES CORPO-
RATION, Appellee.

No. 16592.

United States Court of Appeals
Eighth Circuit.

April 13, 1961.

Donald P. Lay, Omaha, Neb., for ap-
pellant, Kenneth Arnold, Kansas City,
Mo., on the brief.

Fremont Meyers, Omaha, Neb., for ap-
pellee.

Before SANBORN, VAN OOSTER-
HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

The C. B. S. Electronic Sales Corpora-
tion, of Danvers, Massachusetts, on
April 11, 1960, filed an involuntary pe-
tition in bankruptcy against Associated
Electronic Supply Co., of Omaha, (here-
after referred to as "Associated" or "ap-
pellant") in the United States District
Court for the District of Nebraska.
The petitioner alleged that the creditors
of Associated were less than twelve in
number; that it owed debts in excess
of $1,000; that the petitioner is a cred-
itor having provable claims against As-
sociated totaling $69,311.22; and that
within four months next preceding the
filing of the petition, Associated com-
mitted acts of bankrupcty by making
preferential transfers of property while
insolvent, and admitted its inability to
pay its debts as they matured.

In its answer to the petition, Asso-
ciated denied generally the allegations
of the petition; specifically denied that
its creditors were less than twelve in
number (a sworn list of creditors was
attached); and asserted setoffs which,
if established, would negative the claim
of the petitioner that it was a cred-

itor. In addition, Associated in its answer, after alleging diversity of citizenship and that $10,000 or more was in controversy, set up five counterclaims against the petitioner for damages, asking for an affirmative judgment against the petitioner for breach of contract, fraudulent misrepresentations, and violation of the antitrust laws of the United States. The aggregate of the damages for which judgment against the petitioner was asked under the counterclaims was $810,000. In answer to the counterclaims, the petitioner denied the allegations of each of them. In a reply to the answer of Associated, the petitioner stated that the information it had prior to April 11, 1960, indicated that Associated had less than twelve creditors; that the petition was filed under Section 59, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. b in good faith, but that petitioner had since learned that its petition could not qualify under that section because of the existence of more than twelve creditors of Associated.

Associated filed a motion for a summary judgment on the ground that the court had no jurisdiction, since, under Section 59, sub. b of the Bankruptcy Act, a single creditor was not qualified to file an involuntary petition if the alleged bankrupt had twelve or more creditors. At the hearing on the motion for a summary judgment dismissing the petition, the petitioner orally moved for a dismissal of the counterclaims asserted against it. The District Judge granted both motions on the ground of lack of jurisdiction. He dismissed the involuntary petition and also dismissed the counterclaims of Associated.

Associated has appealed from the dismissal of its counterclaims. It contends that it had the right to file the counterclaims in the bankruptcy proceeding and to have them adjudicated notwithstanding the dismissal of the involuntary petition and the fact that the bankruptcy court was without jurisdiction to entertain it.

The dismissal of the involuntary petition, we think, left the court of bankruptcy with nothing upon which its jurisdiction could operate. Cf. In re Sig. H. Rosenblatt & Co., 2 Cir., 193 F. 638.

The short answer to the appellant's contention that its counterclaim survived the dismissal of the involuntary petition is, we think, that the petition was not in any sense the commencement of a civil action in a United States District Court sitting either at law or in equity, and did not furnish a jurisdictional basis for the assertion or adjudication of counterclaims asking for affirmative relief in the bankruptcy court. Counterclaims can, of course, be asserted by an alleged bankrupt in answer to an involuntary petition, to show that the petitioner is not a creditor or not such a creditor as is authorized to file a petition, or to show that the alleged bankrupt is in fact not insolvent and not subject to adjudication. See Harris v. Capehart-Farnsworth Corporation, 8 Cir., 225 F.2d 268, 270. Counterclaims, however, may not be set up as a basis for the recovery of a judgment for damages against a petitioning creditor. Schreffler v. Schreffler, 10 Cir., 155 F.2d 221, 222. The powers conferred upon courts of bankruptcy by the Bankruptcy Act do not make them courts of general jurisdiction to hear and determine controversies not properly part of a bankruptcy proceeding. Smith v. Chase Nat. Bank of City of New York, 8 Cir., 84 F.2d 608, 614; 6 Am.Jur. (Rev.Ed.) 568, Bankruptcy, §§ 24, 25. See and compare, Guaranty Trust Co. of New York v. Daniel, 8 Cir., 49 F.2d 866, 868, affirmed 285 U.S. 154, 52 S.Ct. 326, 76 L.Ed. 675. That the same federal district judge sits in the same courtroom as a court of law and equity and as a court of bankruptcy does not confer upon him jurisdiction to adjudicate controversies arising in a bankruptcy proceeding, of which controversies the bankruptcy court has no jurisdiction. Cf. Naylor v. Cantley, 8 Cir., 96 F.2d 761, 763, and Guaranty Trust Co. of New

York v. Daniel, supra, at page 868 of 49 F.2d 866.

We cite the following additional authorities in support of the views we have expressed: Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, 145; Collier on Bankruptcy (14th Ed.) Vol. 2, § 18.40, pages 94–95; Remington on Bankruptcy (5th Ed.) Vol. 1, § 289, page 435.

The appellant is mistaken in believing that the opinion of this Court in Harris v. Capehart-Farnsworth Corporation, supra, page 270 of 225 F.2d, lends any support to the contention that the court of bankruptcy had jurisdiction to render judgment on counterclaims asserted against the petitioning creditor either before or after the dismissal of the involuntary petition.

The judgment appealed from is affirmed.