**In the Matter of LOVE B. WOODS & CO., Alleged Bankrupt.**

United States District Court
S. D. New York.
Sept. 19, 1963.

Irving Schneider, Harold Peller, and William J. Henry, New York City, for petitioning creditors.

Clifford A. Scott, New York City, for alleged bankrupt.

TYLER, District Judge.

Luxury Blankets, Inc., Uptown Hotel Corp., and H. Friedman & Sons ("petitioners"), on July 9, 1962, filed an involuntary petition in bankruptcy against Love B. Woods & Co., Inc. d/b/a Hotel Mariette ("Woods") in the United States District Court for the Southern District of New York. The petitioners alleged that they held provable claims against Woods, "fixed as to liability and liquidated in amount, amounting in the aggregate, in excess of the value of securities held by them, to $500"; and that within four months next preceding the filing of the petition, Woods committed acts of bankruptcy by making fraudulent transfers, preferential transfers, and, while insolvent, permitting, and failing to discharge within 30 days, liens obtained on its property through legal proceedings.

In its answer, Woods denied the allegations that it operated under the name of Hotel Mariette; that the petitioners were creditors; that any preferential or fraudulent transfers were made; and that it was insolvent. In addition, Woods asserted both a set-off and counterclaims against petitioner Uptown Hotel Corp. for damages suffered as a result of prior void judgments and executions issued against it.

The Referee, finding that the petitioning creditors failed to produce sufficient evidence showing that a Section 3 act of bankruptcy had been committed, found and entered an order on June 18, 1963 to the effect that Woods was not a bankrupt and that the involuntary petition should be dismissed with costs. No decision or order was rendered on the independent counterclaims interposed by the alleged bankrupt.

The Referee further directed in his June 18 order that the bankruptcy court shall retain jurisdiction of the proceeding to hear and determine "the receiver's final report and accounting and all applications for allowances, and all future proceedings against the petitioning creditors and on the bond of the petitioning creditors".

The petitioners claim error, both with respect to the order dismissing the petition on the ground that no Section 3 act of bankruptcy had been proved and with respect to the retention of jurisdiction "for the purpose of hearing and determining * * * all future proceedings against the petitioning creditors and on the bond of the petitioning creditors."

Upon petition for review, the Referee certified the following two questions in his certificate: (1) whether the Alleged Bankrupt committed an act of bankruptcy and (2) whether the Referee "ought to retain jurisdiction of this proceeding after having found that the Alleged Bankrupt had not committed an act of bankruptcy as alleged by the Petitioning Creditors".

■ General Order 47, of course, declares that, upon review, this court must accept the findings of the Referee unless they appear on their face to be "clearly erroneous". I cannot determine the findings here to be patently in error, particularly since the certified record does not contain a transcript or summary of the evidence at the hearings as required by Section 39, sub. a(8) of the Act. More significant, the record shows that petitioners failed or refused to follow the clear mandate of Rule 20(c) of the Bankruptcy Rules of this District, which is an enabling rule under Section 39, sub. a(8) putting the burden on the parties seeking review to prepare and submit to the Referee for certification the transcript or summary of the evidence and all exhibits. Specifically, the Referee entered an order pursuant to Rule 20(c) on July 16, 1963 directing petitioners to get up the record by July 22, 1963.

■ Since petitioners were unable or unwilling to comply, there is no point in further wasting this court's time by remitting the record to the Referee. On review, the burden is on petitioners to prove error in the Referee's finding and order. The Referee's order to dismiss the involuntary petition in bankruptcy with costs is affirmed.

■ The dismissal of the involuntary petition, however, left the bankruptcy court with nothing upon which its jurisdiction could rest or operate insofar as Woods' counterclaims are concerned. A bankruptcy court is a court of limited jurisdiction created for the speedy and efficient administration of a bankrupt's estate. 1 Collier on Bankruptcy ¶ 2.04 (14th Ed. 1962) states:

"The jurisdiction of the district courts sitting in bankruptcy is limited to matters conferred by statute or implied therefrom. The provisions in § 2 [sub.] b that 'nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated' does not extend to powers beyond those expressly conferred by the Act, and those necessary to give full effect to jurisdiction conferred  *  *  * "

■ Accordingly, the filing of this involuntary petition was not the commencement of a civil action in a United States District Court and did not furnish a jurisdictional basis for the assertion or adjudication of counterclaims asking for affirmative relief in the bankruptcy court. Associated Electronic Supply Co. of Omaha v. C. B. S. Electronic Sales Corp., 288 F.2d 683 (8th Cir., 1961). While counterclaims can be asserted by an alleged bankrupt in answer to an involuntary petition, to show that the petitioner is not a creditor or not such a creditor as is authorized to file a petition, or to show that the alleged bankrupt is in fact not insolvent and not subject to adjudication, they may not be set up as a basis for the recovery of a judgment for damages against a petitioning creditor. Schreffler v. Schreffler, 155 F.2d 221 (10th Cir., 1946). The powers conferred upon courts of bankruptcy by the Bankruptcy Act do not make them courts of general jurisdiction to hear and determine controversies not properly part of a bankruptcy proceeding.

■ Independent of the Bankruptcy Act, a counterclaim has been defined as "any claim  *  *  * which one party has against an *opposing* party, whether legal or equitable, or both." (3 Moore on Federal Practice ¶ 13.02 (2d Ed. 1948). A permissive counterclaim, of course, is one which does not arise out of the transaction or occurrence sued on; it is an independent and unrelated claim and needs independent jurisdictional grounds to support it. A principal reason for this is that federal jurisdiction should not be enlarged by a rule designed to liberalize pleadings.

Thus, where, as here, the petition for adjudication in bankruptcy has been properly dismissed, the basis of jurisdiction of an independent counterclaim by the alleged bankrupt does not exist.

■ Different considerations apply to still another portion of the Referee's

**164**

order here assailed, namely, that providing for retention of jurisdiction to consider applications for allowances and to determine liability on the petitioners' bond. Section 2, sub. a(18) and General Order 34 empower the bankruptcy court to "[t]ax costs and render judgments therefor against the unsuccessful party." Sections 69, sub. b and 50, sub. n confer jurisdiction on courts of bankruptcy to determine liability on the bond if the petition for adjudication is dismissed. Thus, so much of the Referee's order retaining jurisdiction for the purposes of passing upon the receiver's final report, hearing of proceedings on the bond of the petitioning creditors and settling claims for allowances is affirmed, and so much of the order as retains jurisdiction for the purpose of hearing and determining all future proceedings against the petitioning creditors, i. e., the counterclaims, is reversed.

Settle order on notice in accordance with the foregoing.