**In re TEXAS INTERNATIONAL COMPANY, Debtor.**

**Misc. No. LA 88–301KM.**

United States Bankruptcy Court, C.D. California.

Feb. 15, 1989.

Benjamin Waisbren, Kravit, Waisbren & De Bruin, S.C., Milwaukee, Wis., for the Committee.

Marshal Cox, Cahill, Gordon & Reindel, New York City.

Dawn M. Schock, Keesal, Young & Logan, Long Beach, Cal., for Drexel.

Alice A. Sias, Hastie & Kirschner, Oklahoma City, Okl., for Equity Security Holders Committee.

Andrew Freeman, Asst. U.S. Trustee, Oklahoma City, Okl.

## MODIFIED OPINION RE MOTION TO QUASH, MOTION TO COMPEL AND MOTION TO TRANSFER

KATHLEEN P. MARCH, Bankruptcy Judge.

### BACKGROUND

A challenge to the procedures for and geographic limits of examinations of entities other than the debtor, pursuant to Bankruptcy Rule 2004(c), is raised by cross-motions brought by the entity seeking to compel the 2004(c) examination and the entity seeking to resist the 2004(c) examination.

The underlying bankruptcy case is a Chapter 11 reorganization of Texas International Company, and is pending in the United States Bankruptcy Court for the Western District of Oklahoma (hereinafter "the Western District of Oklahoma") before Bankruptcy Judge Richard L. Bohanon.

The Official Equity Security Holders Committee (the "Committee") applied to Judge Bohanon, in the Western District of Oklahoma, for an Order Granting the Committee leave to examine Drexel Burham Lambert, Inc. ("Drexel") pursuant to Bankruptcy Rule 2004(c). Drexel, a nondebtor entity, had served as a financial adviser to the debtor and, according to the debtor's schedules, is the holder of approximately twenty million dollars of the debtor's subordinated indebtedness, consisting of high yield, high risk bonds, (commonly referred to as "junk bonds") of the debtor. These bonds were issued from 1978 and onward, with participation by Drexel, including bonds issued during the period 1985 to 1987, a period when the debtor was allegedly insolvent. Drexel also rendered general financial advice to the debtor regarding the debt and capital structure of the debtor and regarding other financial issues during this period of time. The apparent thrust of the Rule 2004 examination will be to determine whether Drexel has relevant information regarding the debtor's financial condition.

Judge Bohanon's Rule 2004(c) Order, issued December 7, 1988, orders Drexel to produce its officers, representatives and employees who have personal knowledge of the debtor's prepetition securities transactions for Rule 2004(c) examination, and to produce documents specified in the Rule 2004(c) Order.

After obtaining the Rule 2004(c) Order from Judge Bohanon, the Committee on December 9, 1988, filed a certified copy of the Order with the United States Bankruptcy Court for the Central District of California (hereinafter "the Central District of California"). On December 21, 1988, the Bankruptcy Court for the Central District

of California issued a subpoena duces tecum naming Drexel, containing the terms specified in the 2004(c) Order. On December 21, 1988, the Committee duly served Drexel with the subpoena and witness fee, at Drexel's Los Angeles, California offices, requiring Drexel to produce the documents described in the Exhibit "A" to the subpoena on January 12, 1988. That production has not yet been made, pending decision of the motions herein described.

On January 4, 1989, Drexel moved to quash the subpoena duces tecum. This motion attacked the subpoena on both procedural and substantive grounds. The procedural question raised is whether a nondebtor can be subpoenaed to attend a Rule 2004(a) examination in the district where the witness resides, based on a Rule 2004(c) examination Order issued in a different district where the underlying bankruptcy case is pending. The substantive question raised is whether the Committee can establish good cause for the production of the documents required to be produced by the subpoena and whether the scope of the documents sought to be produced is unduly burdensome and oppressive.

By cross-motion filed on January 13, 1989, the Committee moved to compel the production of the documents specified by the subpoena. Both of these motions were brought in the Central District of California and neither side contends that the Central District of California is not the correct Court in which to bring these motions. By analogy to F.R.Civ.P.Rule 37(a)(1), which requires a motion to compel a deposition to be made in the district where the deposition is to be taken, the Central District was the correct district in which to bring the present motions. However, after both parties filed the motions to quash/compel compliance with the subpoena in the Central District, the Committee, on January 26, 1989, filed a Motion to Transfer, seeking to have the substantive issues regarding the scope of the subpoena transferred back to the Western District of Oklahoma for hearing by Judge Bohanon, on *forum non conveniens* grounds pursuant to 28 U.S.C. § 1412.

## ISSUES

The pending motions raise two issues: (1) Was it proper for the United States Bankruptcy Court for the Central District of California to issue a subpoena to require a nondebtor entity located in the Central District of California to submit to a Rule 2004(c) examination in the Central District, based on a Rule 2004(c) order issued by a bankruptcy court in a different district? (2) Can the part of the motions to quash/compel compliance with the subpoena which address the substantive scope of the subpoena be transferred to the Western District of Oklahoma for hearing, on *forum non conveniens* grounds?

A NONDEBTOR CAN PROPERLY BE SUBPOENAED TO ATTEND A RULE 2004(c) EXAMINATION IN THE DISTRICT WHERE THE WITNESS RESIDES, BASED ON A RULE 2004(c) ORDER ISSUED IN A DIFFERENT DISTRICT.

Rule 2004(c) of the Bankruptcy Rules provides:

"(c) *Compelling Attendance and Production of Documentary Evidence.* The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial."

Bankruptcy Rule 9016, cited in Rule 2004(c) states, *in toto:*

"Rule 45 of the F.R.Civ.P. applies in cases under the Code."

■ It is unclear whether the words in Rule 2004(c) "attendance ... may be compelled in the manner provided ... for the attendance of witnesses at hearing or trial" are merely intended to mean that a subpoena must be issued as provided by Federal Rules of Civil Procedure Rule 45(a)–(e), particularly 45(d), or whether this language refers to incorporating Rule 45(e), the section which specifically provides for compelling a witness to attend a hearing or trial. However, whether F.R.Civ.P.Rule 45(e) or 45(d) applies, the proper procedure under each of these portions of Rule 45, when applied to Rule 2004(c) examination by

analogy, is to obtain the Rule 2004(c) Order in the district where the underlying bankruptcy case is pending, to file a certified copy of Rule 2004(c) Order in the district where the witness to be examined resides, and to obtain issuance of a subpoena from the United States Bankruptcy Court in the district where the witness resides, compelling the witness to attend the 2004(c) examination in the district where the witness resides.

*Analysis Under F.R.Civ.P.Rule 45(e)*

Federal Rule of Civil Procedure Rule 45(e) provides:

(e) *Subpoena for a Hearing or Trial* "(1) At the request of any party subpoenas for attendance *at a hearing or trial* shall be issued by the clerk of the district court for the district in which the *hearing or trial* is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena, or at a place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place where in the district court is held. When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place." (emphasis added).

Since the witness is being subpoenaed to attend a Rule 2004(c) examination rather than to attend hearing or trial, the words "Rule 2004(c) examination" should be read into F.R.Civ.P.Rule 45(e), as quoted *supra,* in place of the words "a hearing or trial." Thus, Federal Rules of Civil Procedure Rule 45(e), as applied to Rule 2004(c) examination, would provide that "At the request of any party subpoenas for attendance *at a Rule 2004(c) examination* shall be issued by the clerk of the United States Bankruptcy Court for the district in which the *Rule 2004(c) examination* is held." This is precisely the procedure followed by the Com-

mittee in the instant case, and the issuance of the subpoena by the United States Bankruptcy Court for the Central District of California is therefore proper.

*Analysis Under F.R.Civ.P.Rule 45(d)*

Alternatively, the issuance of the subpoena can be analyzed pursuant to Federal Rules of Civil Procedure Rule 45(d) by analogizing to the procedure for subpoenaing a nonparty witness to attend a deposition in a district where the nonparty resides but which is a district different from the district where the action is pending. F.R. Civ.P.Rule 45(d) provides:

"(d) *Subpoena for Taking Depositions; Place of Examination*

(1) Proof of Service of a notice to take a deposition as provided in Rules 30(b) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the person named or described therein. Proof of service may be made by filing with the clerk of the district court for the district in which the deposition is to be taken a copy of the notice together with a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.....

(2) A person to whom a subpoena for the taking of a deposition is directed may be required to attend at any place within 100 miles from the place where that person resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of court."

Pursuant to Federal Rules of Civil Procedure Rule 45(d), the procedure for deposing a nonparty witness is to file a Notice of Deposition in the district where the action is pending, noticing the deposition of a witness, obtain a certified copy of the Notice of Deposition from that district, file the Notice of Deposition with the United States District Court of the district where the witness resides, and obtain a subpoena from that second district directing the witness to attend the deposition within 100 miles of the witness' residence. If the

Rule 2004(c) order is analogized to the Notice of Deposition, this is precisely the procedure used by the Committee.

*Rule 2004(c) is the Codification of the Practice Under Section 21a of the Prior Bankruptcy Act*

The Advisory Committee Note to Rule 2004(c) states:

"Subdivision (c) specifies the mode of compelling attendance of a witness or party for an examination and for the production of evidence under this rule. The subdivision is substantially declaratory of the practice that had developed under Section 21a of the Act. See 2 Collier, *supra,* par. 343.11." Advisory Committee Note (1983).

Two United States Supreme Court cases, *Abram I. Elkus (In the Matter of the Madson Steele Company, Bankrupt,* 216 U.S. 115, 30 S.Ct. 377, 54 L.Ed. 407 (1910) and *Babbitt, Trustee in Bankruptcy v. Dutcher,* 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402 (1910)) discuss the practice for examining witnesses pursuant to Section 21a of the prior Bankruptcy Act. Both held that a district court in district A, acting as a bankruptcy court, which was not the district court where the underlying bankruptcy case was pending, had jurisdiction to compel a witness residing in district A to produce records or submit to examination in district A, because such jurisdiction and proceedings were ancillary to and in aid of the proceedings in the district where the underlying bankruptcy case was pending. As the United States Supreme Court stated in *Babbitt:*

"Proceedings ancillary to and in aid of proceedings in bankruptcy may be necessary in other districts where the principal court cannot exercise jurisdiction ..."

"The precise question before us on the present appeal is whether in a case in which the original court of bankruptcy could act summarily another court of bankruptcy, sitting in another district, can do so in aid of the court of original jurisdiction."

"Upon the whole we are of the opinion that the District Court for the Southern District of New York had jurisdiction of the petition below (a petition requesting the United States District Court for the Southern District of New York, sitting in bankruptcy, to compel a witness located in New York to produce books and records in New York, of a bankruptcy company where bankruptcy was pending in the United States District Court, Eastern District, Missouri)...." *Babbit v. Dutcher,* 216 U.S. at 110, 114, & 115, 30 S.Ct. at 375, 377.

*Babbit* and *Elkus* confirm that the practice under the Act was that a bankruptcy court in district A could compel a witness to submit to examination in district A, because to do so was ancillary to, or to aid the jurisdiction of the court in district court B where the underlying bankruptcy case was pending.

Moreover, this result is not based on or dependent on the language of Section 21a of the prior Bankruptcy Act. Rather, the United States Supreme Court in *Babbitt* reached this result based on the analysis of Section 2 of the Bankruptcy Act of 1898, which was the underlying bankruptcy jurisdictional statute then in effect. Based on its analysis of Section 2 of the Bankruptcy Act, the Supreme Court in *Babbitt* concluded that *all* district courts in the United States have ancillary jurisdiction over a bankruptcy case pending in any other district court, and therefore, that every district court in the United States, sitting in bankruptcy, has jurisdiction to compel a nondebtor witness who resides in the ancillary district to submit to a Section 21(a) examination (today a Rule 2004(c) examination) in the ancillary district, to aid the court where the underlying bankruptcy case is pending with that case.

28 U.S.C. § 1334, the present grant of bankruptcy jurisdiction, is as broad in scope as § 2 of the prior Bankruptcy Act. Thus, the result, pursuant to present Section 1334, is that *any* bankruptcy court in *any* district in the United States has jurisdiction to compel a nondebtor witness who resides within its district to submit to a Rule 2004(c) examination within its district, to aid a bankruptcy court in a different

district with a bankruptcy case pending in that different district.

This result obtains not just because of the language of Rule 2004(c), but because of the breadth of the jurisdictional grant given by 28 U.S.C. § 1334. Drexel makes no jurisdictional argument to the contrary, and has not presented any analysis of 28 U.S.C. § 1334.

*Drexel's Position Is In Error*

Drexel's primary argument is its claim that the Advisory Committee Note to Bankruptcy Rule 9016 prohibits the subpoena here issued. The Advisory Committee Note (1983) to Bankruptcy Rule 9016 states:

"Although Rule 7004(d) authorizes nationwide service of process, Rule 45 F.R. Civ.P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of trial or hearing."

This Advisory Committee Note is, in fact, not inconsistent with the result mandated by 28 U.S.C. § 1334 and Bankruptcy Rule 2004(c), because the subpoena issued by the United States Bankruptcy Court for the Central District of California—to compel Drexel, located in Los Angeles, to submit to Rule 2004(c) examination in Los Angeles—does not require Drexel to travel more than 100 miles to reach the place of examination.

If assuming *arguendo*, there had been a conflict between the Advisory Committee Note to Bankruptcy Rule 9016, and either 28 U.S.C. § 1334 or Bankruptcy Rule 2004(c), the language of the United States Code and the language of the Bankruptcy Rule would control and would each take precedence over the language of the Advisory Committee Note since Advisory Committee Notes are neither statutes nor official rules, and do not have the effect of law.

*Conclusion*

Since the Advisory Committee Note to Rule 2004(c) states Rule 2004(c) codifies this prior practice, the conclusion is inescapable that Rule 2004(c) examination can be in compelled the bankruptcy court in

district where the witness resides as ancillary to or to aid the jurisdiction of the bankruptcy court where the bankruptcy is pending. However, because the present Bankruptcy Code applies the procedures of F.R.C.P.Rule 45 to Rule 2004(c) examinations, this "assistance" or "ancillary jurisdiction" is now exercised through the mechanism of the bankruptcy court in the district where the witness resides issuing a subpoena compelling the witness to attend the 2004(c) examination in the district where the witness resides.

The few published recent decisions concerning the question of holding nondebtor examinations in districts other than the district where the underlying bankruptcy case is pending have held such examinations proper. E.g., *In re Mantolesky*, 14 B.R. 973, at 979 (Bkrtcy.D.Mass.1981), stating that F.R.Civ.P.Rule 45 is applicable to Rule 205 examinations (Rule 205 was the predecessor to present Rule 2004(c) examinations), and finding that the appropriate method of compelling examination of a witness residing in a different district from the district where the bankruptcy case is pending is to obtain a subpoena from the bankruptcy court for the district where the witness resides; *In re MMI Associates Ltd.*, 423 F.Supp. 41, at 44 (U.S.D.C., W.D. N.C.1976), finding that F.R.Civ.P.Rule 45 applies to examinations performed under § 21(a) of the prior Bankruptcy Act, and that F.R.Civ.P.Rule 45(e) explicitly extends subpoena power to any place within the district in which the nondebtor witness resides, for compelling attendance at a § 21(a) examination in that district.

For all these reasons, the Court finds that it was procedurally proper for the Committee to obtain the Rule 2004(c) Order from the United States Bankruptcy Court for the Western District of Oklahoma and to obtain a subpoena from the United States Bankruptcy Court for the Central District of California compelling Drexel to attend a 2004(c) examination in Los Angeles, California, where Drexel has offices, based on filing a certified copy of that Rule 2004(c) Order with the United States Bankruptcy Court for the Central District of California.

THE QUESTION OF THE SUBSTANTIVE SCOPE OF THE SUBPOENA CAN PROPERLY BE TRANSFERRED FOR HEARING TO THE WESTERN DISTRICT OF OKLAHOMA, ON FORUM NON CONVENIENS GROUNDS

In addition to attacking the issuance of the subpoena by the United States Bankruptcy Court for the Central District of California, Drexel's motion to quash raises substantive challenges to the subpoena, contending that the Committee has failed to sustain its burden of demonstrating good cause for the subpoena, and contending that the scope of the documents required to be produced pursuant to the subpoena is overbroad and unduly burdensome. The Committee's cross-motion to compel compliance with the subpoena contends that good cause exists for the subpoena, and that the subpoena is not unduly burdensome or oppressive. The scope of the subpoena is set by the Rule 2004(c) Order issued by Judge Bohanon in the Western District of Oklahoma. The Committee's motion to transfer seeks to transfer hearing of these substantive issues back to the Western District of Oklahoma.

The substantive challenge to the scope of the Subpoena and the Committee's motion to transfer raise three sub-issues:

(1) Can the question of the substantive scope of the subpoena ever be transferred to the district where the underlying bankruptcy case is pending, or are the motions to compel/quash required to be heard in the district where the subpoena issued?

(2) If the challenge to the scope of the subpoena may, under some circumstances, be transferred to the United States Bankruptcy Court for the Western District of Oklahoma on *forum non conveniens* grounds, pursuant to 28 U.S.C. § 1412, is such a transfer warranted under the facts of this case?

(3) What is the proper scope of the subpoena?

*The Bankruptcy Forum Non Conveniens Statute Is Broader Than The General Federal Forum Non Conveniens Statute*

Regarding sub-issue (1), if the governing statute were the general federal *forum non conveniens* statute, 28 U.S.C. § 1404, it appears the motions to quash/compel compliance with the subpoena would be required to be heard in the Central District of California. This is because, pursuant to 28 U.S.C. § 1404, an action can only be transferred to a district where it could have been brought, and under Federal Rules of Civil Procedure 37(a)(1), a motion to challenge a deposition must be brought in the district where the deposition is to be taken. However, in bankruptcy cases the applicable *forum non conveniens* statute is not 28 U.S.C. § 1404, but is 28 U.S.C. § 1412, a *forum non conveniens* statute specifically for bankruptcy cases. 28 U.S.C. § 1412 states:

> "A district court may transfer a case or *proceeding* under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." (emphasis added)

Thus, Section 1412, unlike Section 1404, does not have the restriction that a proceeding can only be transferred to a district where the proceeding could have been brought originally. The lack of this restriction in Section 1412 is apparently to effectuate the purpose of the Bankruptcy Code of allowing all matters relating to a bankruptcy case to be consolidated in the single district where the bankruptcy case is pending. See *In Re Nixon Machinery Co.,* 15 B.R. 131 (Bkrtcy.E.D.Tenn.1981).

The motions to quash/compel compliance with the subpoena are "proceedings" as that term as used in Section 1412 (See 28 U.S.C. § 157(b)(2)(A)). Thus, under 28 U.S.C. § 1412, it is within the power of the bankruptcy court to transfer the hearing on the substantive scope of the subpoena to the United States Bankruptcy Court for the Western District of Oklahoma, since that is the court where the underlying bankruptcy case is pending, so long as the other requirements of Section 1412 are met.

Because transfer is allowed under Section 1412 only where the transfer is either "in the interest of justice" or "for the

convenience of the parties", the next issue is whether at least one of these two criteria are met. Here, *both* of these criteria are met.

*Interests of Justice*

■ Because it is already presiding over the underlying bankruptcy case, the Bankruptcy Court in the Western District of Oklahoma is already familiar (1) with the facts surrounding the underlying bankruptcy case, (2) with the need/lack of need for the Rule 2004(c) examination, as disclosed in the original application for the Rule 2004(c) order, and (3) with how the information/documents ordered produced pursuant to the Rule 2004(c) order relate to the underlying case. It is a more efficient use of both the time and resources of the parties and the time and resources of the two Bankruptcy Courts to have the Court which is already familiar with the facts of the case hear the substantive challenge to the scope of the subpoena.

Second and most important, since it is Judge Bohanon's Rule 2004(c) Order which sets the scope of the subpoena here being challenged, there is a chance of inconsistent orders if two different Courts decide the question of the appropriate scope of documents to be produced. By having Judge Bohanon hear the present challenge to the scope of the subpoena, the danger of inconsistent rulings is eliminated.

Third, since Judge Bohanon issued the Rule 2004(c) Order, he is best acquainted with the facts surrounding its issuance, and is best equipped to determine what weight should be given to the Rule 2004(c) Order. Judge Bohanon, if he sees fit, can in effect modify his Rule 2004 Order by whatever ruling he makes regarding the motion to quash/motion to compel compliance with the subpoena. Drexel has argued to this Court that Judge Bohanon's Rule 2004(c) Order was issued *ex parte*, because, though the Committee's application for the Order was served on Drexel, Drexel's counsel did not actually receive the application before Judge Bohanon entered his Order. If, in fact, that is the situation, Judge Bohanon is most aware of these circumstances, and can best take these circumstances into account in determining whether or not to modify the scope of the subpoena.

Fourth, because the information sought by the subpoena will be used in the underlying bankruptcy case pending before Judge Bohanon, Judge Bohanon is better equipped than this Court to determine whether good cause exists and to determine whether the information and documents sought are overly broad or unduly burdensome.

*Convenience of the Parties*

Drexel contends that transfer of the question of the scope of the subpoena to the Western District of Oklahoma would be inconvenient for the Drexel. To the contrary, transfer of the issue of the scope of the subpoena to the Western District of Oklahoma is actually more convenient for Drexel. Drexel has filed a notice of appearance in the underlying case in the Western District of Oklahoma, and therefore already has counsel functioning in relation to the underlying bankruptcy case in the Western District of Oklahoma. Furthermore, proofs of claim have been filed on behalf of Drexel and others in the Western District of Oklahoma by the indenture trustee, based on the fact that Drexel holds approximately twenty million dollars of the debtor's subordinated indebtedness. Thus, Drexel already has substantial contacts with the underlying bankruptcy case in the Western District of Oklahoma.

In relation to the present motions, Drexel's primary counsel is Cahill, Gordon & Reindel of New York City, New York, appearing in the Central District of California with local counsel from Long Beach, California. The Committee's counsel on the present motions is Kravit, Waisbren & De Bruin, of Milwaukee, Wisconsin. The Office of the U.S. Trustee, located in Oklahoma City within the Western District of Oklahoma, has also participated in the hearings of the motions. To accommodate the fact that the primary counsel for both Drexel and the Committee are out-of-state, this Court held all hearings in this matter by telephone, on January 18, 20 and 30, 1989. This Court has communicated with

**590**

Judge Bohanon who is willing to hear the substantive challenge to the subpoena, and who has agreed that, to make the same accommodation for out-of-state counsel, he too will hold the hearings regarding the scope of the subpoena by telephone.

Thus, the question of convenience is whether primary counsel located in New York and Wisconsin telephone a Bankruptcy court located in Los Angeles, California or a Bankruptcy Court located in Oklahoma City, Oklahoma. No inconvenience is caused by having the phone call directed to Oklahoma rather than California. In fact, since, as noted *supra*, Judge Bohanon will need less education regarding the underlying facts in order to be able to rule on the scope of the subpoena, it is on balance more convenient to the parties, from the point of view of conserving time and resources, to have that matter heard by Judge Bohanon.

*Conclusion*

For all these reasons, the Court grants the Committee's motion to transfer the substantive question regarding the proper scope of the subpoena to the United States Bankruptcy Court for the Western District of Oklahoma, for all further proceedings regarding the scope of the subpoena. To aid in expeditious resolution of this matter, the parties are directed to refile with United States Bankruptcy Court for the Western District of Oklahoma the pleadings relating to the substantive scope of the subpoena which were filed with this Court. This opinion constitutes the findings of fact and conclusions of law of the Court.