**In re FRED AYERS COMPANY, INC., Debtor.**

**In re Ayers Corporation, Debtor.**

**In re Ayers Aviation Holdings, Inc., Debtor.**

**Nos. 00–11881, 00–11882, 00–11883.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Aug. 28, 2001.

Stephen G. Gunby, Columbus, GA, Fife M. Whiteside, Columbus, GA, Deborah D.

Williamson, Cox & Smith Incorporated, San Antonio, TX, for creditor.

Jesse C. Stone, Merrill & Stone, Swainsboro, GA, for debtor.

## *MEMORANDUM OPINION*

JOHN T. LANEY, III, Bankruptcy Judge.

On August 15, 2001, the court held a hearing on the motion of GATX Capital Corporation ("GATX") to quash a subpoena and the cross-motion of Fred P. Ayers ("Ayers") to compel GATX to comply with the subpoena. The parties filed briefs and response briefs. After considering the parties' briefs and the applicable statutory and case law, the court will deny the motion of GATX and will grant the motion of Ayers.

## *FACTS*

On July 20, 2001, Ayers filed a motion for the examination of GATX pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). An order was entered that same day which provided that the examination would take place at a time and place mutually agreed upon by the parties. Service of the motion on GATX's counsel was defective due to an error in the service address for GATX's counsel. However, Ayers alleged that counsel for GATX was notified by telephone on July 20, 2001 that the ordered had been entered. Ayers further alleged that a copy of the order was submitted to GATX's counsel via facsimile on that same day.

Although the parties dispute whether counsel for Ayers attempted to "reach an agreement" regarding the location and time of the examination as contemplated in the order, neither party disputes that counsel for Ayers notified GATX's counsel

that the examination would take place in GATX's San Francisco offices on August 2, 2001 and August 3, 2001.

On July 23, 2001, counsel for Ayers issued a subpoena showing this court as the issuing court. The subpoena provided that the Rule 2004 examination would take place in GATX's San Francisco office on August 2, 2001 at 9:00 am. The subpoena was forwarded to the San Francisco's Sheriff Department to be served on GATX. On July 25, 2001, Ayers' counsel forwarded a copy of the subpoena to counsel for GATX. GATX was served with the subpoena on July 27, 2001.

On July 31, 2001, GATX filed a Motion to Quash Subpoena and Protective Order. GATX requested an Emergency Hearing which the court held that same day by telephone. At the hearing, GATX contended that because the Rule 2004 examination was scheduled to take place in California, a subpoena issued by this court was improper; a bankruptcy court in California should issue the subpoena. Based on the order entered on July 20, 2001 and Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure ("Rule 45"), the court suspended the Rule 2004 examination until a final hearing could take place. Ayers expressed concern about the destruction of documents, therefore, the court directed GATX to preserve the records which were subject to the Rule 2004 examination.

On August 2, 2001, Ayers filed his response to GATX's Motion to Quash. Ayers also filed a cross-motion to compel GATX to comply with the subpoena. Ayers also filed a brief in support his position. On August 14, 2001, GATX filed its Brief in Support of its Motion to Quash. After the hearing, GATX discovered additional authority and filed a supplemental brief on August 22, 2001. On August 24, 2001, Ayers filed a response brief to GATX's supplemental brief.

## DISCUSSION

■ The primary issue in this case is whether a subpoena issued in connection with a court order entered pursuant to Rule 2004 must be issued from the court for the district in which the case is pending or from the court for the district where the Rule 2004 examination is to take place. This issue requires the court to conduct an analysis into the language of the applicable rules as they read when this case was filed.

Rule 2004(c) provides:

(c) COMPELLING ATTENDANCE AND PRODUCTION OF DOCUMENTARY EVIDENCE. The attendance of an entity for examination and the production of documentary evidence may be compelled in the *manner provided* in Rule 9016 *for the attendance of witnesses at a hearing or trial.*

FED. R. BANKR.P. 2004(c) (emphasis added).

Rule 9016 of the Federal Rules of Bankruptcy Procedure incorporates Rule 45 of the Federal Rules Civil Procedure, which in turn provides, in pertinent part:

. . .

(2) A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held. A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is made.

. . .

FED.R.CIV.P. 45(a)(2).

GATX contends that the subpoena must be issued by a California bankruptcy court

because that is where the examination is to take place. GATX relies on the case of *In re Texas International*, 97 B.R. 582 (Bankr.C.D.Cal.1989). *See also In re Symington*, 209 B.R. 678 (Bankr.D.Md. 1997); *In re Mantolesky*, 14 B.R. 973 (Bankr.D.Mass.1981). GATX further relies on the language in Rule 45(a)(2), which provides "[a] subpoena for attendance at a deposition shall issue from the court for the district ... in which the deposition is to be taken." *Id.* GATX argues that reading subsection (c)(3)(A) of Rule 45 *in pari materia* with Rule 45(a)(2) commands a finding that a California court is the proper court to issue the subpoena.

Ayers, on the other hand, discredits GATX's reliance on *Texas Int'l* because the portion of that case on which GATX relies is dicta. Ayers further asserts that the reasoning of *Texas Int'l* is flawed. As to GATX's reliance on the language of Rule 45(a)(2), Ayers argues that GATX's position is misplaced because a Rule 2004 examination is not the same as a deposition. Ayers asserts that the first sentence of Rule 45(a)(2), which provides that a "subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held[,]" is the operative language. Therefore, Ayers contends that the second and third sentences of Rule 45(a)(2) are inoperative as to Rule 2004(c). In fact, Rule 2004(c) tracks the "hearing or trial" language in the first sentence of Rule 45(a)(2).

■■■ "The starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). When interpreting the words of a statute, courts generally "do not look at one word or term in isolation, but instead, look to the entire statutory context." *United States v.*

*McLemore*, 28 F.3d 1160, 1162 (11th Cir. 1994). "The plain meaning canon of statutory construction applies with equal force when interpreting the Bankruptcy Code." *Inglesby, Falligant, Horne, Courington & Nash, P.C. v. Moore (In re Am. Steel Prod., Inc.)*, 197 F.3d 1354, 1356 (11th Cir.1999); *See also CBS, Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1226–29 (11th Cir.2001) (explaining that a court should not apply the plain meaning of a statute when doing so would produce an absurd result). Although the language at issue in this case is a federal rule of procedure, such rules have the force and effect of a statute. *See United States v. St. Paul Mercury Insurance Co.*, 361 F.2d 838, 839 (5th. Cir.1966); *see also Rumsey v. George E. Failing Co.*, 333 F.2d 960, 962 (10th Cir.1964).

■■■ Applying these principles, the court first turns to the language in Rule 2004(c) and Rule 9016 which incorporates Rule 45(a)(2). The court agrees with Ayers that Rule 2004 provides for an examination broader in scope than a deposition. *See In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr.E.D.Pa.1990) (explaining that the "scope of a Rule 2004 examination is even broader than that of discovery under the F.R.Civ.P., [sic] which themselves contemplate broad, easy access to discovery."); *see also Moore v. Lang (In re Lang)*, 107 B.R. 130, 132 (Bankr. N.D.Ohio 1989) (holding that Rule 2004 examinations differ from depositions because they are broader in scope and have fewer protections).

The court also agrees with Ayers and finds that the second and third sentences of Rule 45(a)(2) are inapplicable to examinations conducted pursuant to Rule 2004(c). The second sentence pertains solely to depositions. Given the broader scope of a Rule 2004 examination, this sentence is inapplicable. The third sen-

tence is operative in instances where a separate subpoena is issued requiring only the production of documents. Given the limited scope for which this sentence provides, it is also inapplicable to Rule 2004 examinations.

Turning to the first sentence of Rule 45(a)(2), the court finds this sentence to be the operative language as it applies to Rule 2004(c). Although Rule 2004(c) tracks the "hearing or trial" language in Rule in 45(a)(2), the analysis does not stop there. The court must look to the text surrounding the "hearing or trial" language in each rule.

In pertinent part, Rule 2004(c) provides that "[t]he attendance ... may be compelled *in the manner provided in Rule 9016* [incorporating Rule 45] *for the attendance of witnesses at a hearing or trial.*" (emphasis added). Rule 45(a)(2) provides that "[a] subpoena commanding attendance at a trial or hearing *shall issue from court for the district in which the hearing or trial is to be held.*" (emphasis added). Reading these rules together, the court finds them to be clear and unambiguous. The attendance at a Rule 2004 examination is compelled in the same "manner" as the attendance at a hearing or trial would be compelled. Just as a witness at a trial or hearing is compelled by a subpoena issued by the court in which the case is pending, compulsion of a witness to attend a Rule 2004 examination is done in the same manner. Therefore, the proper court to issue a subpoena is the court where the underlying bankruptcy case is pending.

The court acknowledges the case of *In re Texas Int'l Co.*, 97 B.R. 582 (Bankr. C.D.Cal.1989), decided on facts similar to the case before the court, which held to the contrary. However, the court disagrees with the reasoning of that case.

In *Texas Int'l*, the underlying Chapter 11 case was pending in the Western District of Oklahoma. The equity holders' committee ("Committee") moved to conduct a Rule 2004 examination of Drexel, a nonparty entity. The Western District of Oklahoma entered a Rule 2004(c) order permitting the examination. The Committee caused the Bankruptcy Court for the Central District of California to issue a subpoena duces tecum which contained the terms specified in the Rule 2004(c) order. Los Angeles, located in the Central District, is where Drexel resided and is also where the Rule 2004 examination was to be taken.

Drexel moved to quash the subpoena. In its motion, Drexel raised the procedural issue of whether a nondebtor can be subpoenaed requiring it to attend a Rule 2004 examination to be held in the Central District of California based on a Rule 2004 order issued by a bankruptcy court in a different district. *Id.* at 584. The court held that "a nondebtor can be properly subpoenaed to attend a Rule 2004(c) examination in the district where the witness resides, based on a Rule 2004(c) order issued in a different district." [1] *Id.* The court explained that the proper procedure is to obtain the Rule 2004(c) Order from the court in which the underlying proceeding is pending, then obtain a subpoena from the court in the district where the witness resides which compels the witness

---

**1.** The court notes that the issue in *Texas Int'l* is subtly different than that in the case before the court. Unlike here, the parties in *Texas Int'l* did not dispute whether the Central District of California was the proper court to issue the subpoena. The dispute was whether the nonparty witness could be compelled subject to a Rule 2004 order issued in another district. In reaching its decision, the court did, however, state that the Central District was the proper court to issue the subpoena.

to attend the Rule 2004 examination where the witness resides. *Id.* at 585.

At the time of *Texas Int'l,* Rule 2004 read the same as it does now. However, Rule 45(d) and 45(e), the portions of Rule 45 which the court held applicable to Rule 2004, were changed by the 1991 amendments. The former Rule 45(d) dealt with the taking of depositions and was to some extent, similar to the second sentence of the present version of Rule 45(a)(2). Therefore, as already stated, this court disagrees with the applicability of Rule 2004 to the deposition language in Rule 45.

This court similarly disagrees with the court's analysis under the former version of Rule 45(e)(1). A portion of that rule is similar to the first sentence of Rule 45(a)(2). Significantly, the former rule provided that the clerk shall issue the subpoena and now, the subpoena is issued by the attorney. More importantly, this court disagrees with the reasoning employed by the *Texas Int'l* court. The court reasoned that because "hearing and trial" was used in both Rule 2004(c) and the former Rule 45(e)(1), the application of Rule 2004(c) to Rule 45 required replacing "hearing and trial" with "Rule 2004(c) examination." *Id.* at 585. This court finds that a plain reading of both rules does not require such a result. Furthermore, this rewriting of the rules is at odds with Supreme Court and Eleventh Circuit precedent. *See Blount v. Rizzi,* 400 U.S. 410, 419, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971) (holding that "it is for Congress, not this Court, to rewrite the statute."). *See also Korman v. HBC Florida, Inc.,* 182 F.3d 1291, 1296 (11th Cir. 1999) ("It is not the business of courts to rewrite statutes.").

As indicated above, Rule 2004(c) provides that a witness may be compelled to attend a Rule 2004 examination in the same manner that a witness is compelled to attend a hearing or trial. Under Rule 45, this is done by having a subpoena issued by the court in which the hearing or trial is to take place. This straightforward reading of the two rules is a less strained interpretation than replacing "hearing or trial" with "Rule 2004(c) examination" as suggested by the *Texas Int'l* court. Furthermore, this interpretation does not require the court to rewrite the language of the rule. Therefore, this court finds that the court in *Texas Int'l* ignored the plain meaning of Rule 2004(c) as applied to Rule 45. Accordingly, this court rejects its conclusion.

GATX further relies on *Texas Int'l* for its analysis of the history of Rule 2004(c). In its analysis, the court held that subdivision (c) of Rule 2004 "is substantially declaratory of the practice that had developed under Section 21a of the [Bankruptcy] Act." *Texas Int'l* at 586 (citing Fed. R. Bankr.P 2004 Advisory Committee's Note (1983)). The court cited the Supreme Court cases of *Abram I. Elkus (In the Matter of the Madison Steele Co.),* 216 U.S. 115, 30 S.Ct. 377, 54 L.Ed. 407 (1910) and *Babbitt v. Dutcher,* 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402 (1910). The court concluded *Elkus* and *Babbitt* confirmed the practice under Section 21a of the Act that a court other than the one where the underlying bankruptcy case was pending had ancillary jurisdiction to aid the court where the case was pending. *Id.*

However, the court acknowledged that the result in *Elkus* and *Babbitt* "was not based on or dependent on the language of Section 21a of the prior Bankruptcy Act[,] but was instead based on the interpretation of the bankruptcy jurisdictional statute in effect at that time." *Id.* Therefore, as indicated in note 1, *supra,* the focus in *Texas Int'l* was whether the Central District of California had jurisdiction based on an order issued by the Western District of

Oklahoma. The historical analysis performed by the court in *Texas Int'l* is specific to this jurisdictional focus.

The issue in the case before the court, whether a "foreign" court or the "home" court is the proper court to issue the subpoena, was never raised in *Texas Int'l*. Accordingly, the court finds this historical analysis inapplicable to the facts of this case. Even if this analysis were applicable, it would require the court to deviate from the plain meaning of the rules and look to the circumstances that gave rise to the rules, which is contrary to controlling precedent. *See CBS*, 245 F.3d at 1224 (holding that "[t]he 'plain' in 'plain meaning' requires that we look to the actual language used in a statute, not to the circumstances that gave rise to that language.").

Turning to the other cases cited by GATX, the court agrees with Ayers that neither of these cases is good authority for GATX's position. *See In re Symington*, 209 B.R. at 682; *In re Mantolesky*, 14 B.R. at 973. Like *Texas Int'l*, the court in *Symington* was not presented with the issue of which court should issue the subpoena. Although the court stated that the proper procedure was to have the court for the district in which the witness resides issue the subpoena, this was not a issue of dispute. Therefore, that statement which cited *Texas Int'l* in support, was *dicta*.

Similarly, the court in *Mantolesky* was not faced with the issue of whether the court which issued the subpoena was the proper court. Under former Rules 205 and 916 of the Bankruptcy Act, the witness in *Mantolesky* was subpoenaed to attend an examination which was to be held at a location greater than 100 miles from the residence of the witness. The court held that the subpoena was not enforceable and therefore, the witness could not be compelled to attend an examination outside a

100 miles radius of the residence of the witness. *See Mantolesky* at 979. Significantly, it appears that the subpoena was issued by the bankruptcy court where the underlying case was pending and the propriety of the issuance by that court was never raised. The court did state that the proper procedure would be to have a subpoena issued by the court where the examination was to be held. This court disagrees.

GATX also argues that subparagraph(c)(3) of Rule 45 dictates that a California bankruptcy court is the proper court to issue the subpoena. GATX asserts that the purpose of these sections is to protect the witness from having to travel outside its district to move to quash a subpoena. The court agrees with GATX to the extent that the purpose of this section is to protect the persons subject to a subpoena. However, the court finds that its purpose is to ensure that a subpoena does not impose "undue burden or expense," substantial travel, and that it "allow[s] reasonable time for compliance." The issue is whether *complying* with the subpoena imposes a burden. Although the court acknowledges that having to appear in a foreign court to prosecute a motion to quash may require expense and in some cases, undue burden, not every case will require the person subject to the subpoena to move for such relief. Clearly, in this case, the examination does not require an undue burden or substantial travel because it is to be held in GATX's offices. Applying a plain reading of this provision, the court finds that it does not require that a subpoena be issued by the court within the district where the Rule 2004 examination is to take place.

### CONCLUSION

The court in which the bankruptcy proceeding is pending is the proper court to

issue the subpoena rather than the court where the Rule 2004 examination is to be taken. Accordingly, this court was the proper court to issue the subpoena which was issued in connection with the Rule 2004 examination of GATX. Therefore, the court will deny GATX's Motion to Quash and will grant the Motion of Ayers to compel GATX to comply with the subpoena. The court will direct the parties to confer to agree on a date and time for the examination. The court will, however, sustain GATX's Motion to Quash the subpoena to the extent that the court will not compel the witness to appear for an examination earlier than September 17, 2001, except upon agreement of GATX.

An order in accordance with this Memorandum Opinion will be entered.